LEAR, Judge.
This suit was brought by Stanley Adrian D’Armond, defendant and plaintiff-in-rule, as a rule to set specific visitation. In a prior judgment of divorce, Jane Pierce D’Armond (now Bradford), plaintiff and de *1232 fendant-in-rule, had been awarded the permanent legal custody of the parties’ minor children, Stanley Adrian D’Armond III and Jennifer D’Armond, subject to reasonable visitation rights on the part of Mr. D’Ar-mond. For some time thereafter, by mutual agreement of the parties, Mr. D’Armond enjoyed liberal and extensive visitation with the minor children, whose present ages are thirteen and ten respectively. An agreed upon schedule of visitation was reduced to writing in April, 1980, in a letter sent on behalf of Mrs. Bradford to Mr. D’Armond’s attorney, and Mr. D’Armond exercised visitation according to this schedule for approximately six months. In October, 1980, however, certain problems developed between Mr. D’Armond and Mrs. Bradford concerning visitation, at which time Mr. D’Armond filed this rule to set specific visitation. The visitation rule was heard on November 13, 1980, and judgment was rendered in favor of Mr. D’Armond granting him certain visitation. Thereafter, Mrs. Bradford filed a motion for a new trial alleging that the court’s judgment was contrary to the law and the evidence. Mrs. Bradford’s motion for a new trial was heard on December 4, 1980, at which time the court denied the motion for a new trial, except to slightly amend the judgment previously rendered on November 13, 1980. Mrs. Bradford appeals the amended judgment; however, only provisions numbers 1, 2 and 3 of the judgment hereinafter reproduced are put at issue in her brief to this court.
As amended, the judgment granting Mr. D’Armond specific visitation, from which Mrs. Bradford has appealed provides as follows:
1. Week-end visitation from Friday at 3:00 p.m. to Sunday at 8:00 a.m. beginning on the first Friday of each month and on the third Friday of each month;
2. On the Saturday that falls between the above week-ends from 9:00 a.m. until 6:00 p.m.;
3. Visitation on each Wednesday from 3:00 p.m. until 7:00 p.m.;
4. Visitation on the following major holidays:
Labor Day, Halloween, Memorial Day, Father’s Day, New Year’s Eve and New Year’s Day, from 6:00 p.m. to 9:00 p.m. on school days and from 9:00 a.m. to 9:00 p.m. on days that school is closed.
5. Christmas visitation from Christmas Day, December 25, at 3:00 p.m. through 3:00 p.m. on the day before school resumes;
6. Summer visitation — two weeks either consecutively or separately provided plaintiff-in-rule [Mr. D’Armond] notifies defendant-in-rule of the dates of summer visitation on or before April 15 of each year;
7. Birthday visitation — from 6:00 p.m. through 9:00 p.m. Monday through Thursday. Should the child’s birthday occur on Friday through Sunday, either the day before or the day after the birthday from 9:00 a.m. until 6:00 p.m.;
8. Such other visitation as the parties may agree upon amicably.
The principles governing visitation by a noncustodial parent with his minor children are well stated in the case of Pate v. Pate, 348 So.2d 1338 (La.App. 3rd Cir., 1977), in which the court stated that:
“When the parents of the minor child are separated or divorced and the custody of the child has been awarded to one parent, the other has the right to see and visit with the child at reasonable times, unless that right has been forfeited by the parent who claims it, or unless the exercise of that privilege would injuriously affect the child. The paramount consideration in determining the specific visitation privileges which should be granted in any case is the welfare of the child. Generally, the best interest of the child is served by placing him in the custody of one parent and not alternatively in the custody of each. The award of visitation privileges, therefore, should not be extended to the point where it becomes divided custody of or a division of authority over the child. Much discretion is vested in the trial court in determining *1233 the times when and the conditions under which a parent may have access to his child, and the decision of the trial judge as to the visitation privileges will not be disturbed unless there has been an abuse of discretion. [Citations omitted].”
Under the parties’ prior agreement, Mr. D’Armond had exercised visitation with the children on the second and fourth weekends from Friday at 5:00 p.m. to Sunday at 6:00 p.m. Mrs. Bradford testified that the Sunday aspect of this arrangement had become a problem, in that it was causing some disruption of the children’s church activities. From her testimony, it appears that her main concern was to eliminate this Sunday visitation. The trial court did eliminate this Sunday visitation, however, in an effort to compensate both the children and Mr. D’Armond for the lost Sunday visitations, it granted an additional Saturday visitation and a weekly Wednesday afternoon visitation.
There is no evidence in the record suggesting that Mr. D’Armond’s liberal visitation has caused or would cause the children any emotional problems or was in any way detrimental to them, except for some slight disruption of their Sunday schedule. On the contrary, we find that the record indicates that Mr. A’Armond is a thoughtful, concerned and dedicated father to his minor children, and that the schedule of visitation was, in fact, beneficial to the children.
The amount of visitation granted by the present judgment is not substantially greater than that enjoyed by Mr. D’Armond under the previous agreement of the parties. There is no indication in the record that the previous amount of visitation was of such duration or frequency as to be detrimental to the children, nor do we find that the duration or frequency of visitation presently ordered would be detrimental to the children.
Further, we find that the schedule of visitation ordered by the trial court is reasonable under the circumstances and does not amount to a split or divided custody. The trial judge, having the parties testify before him, and in fact examining the parties to a limited extent himself, and having the best interests and welfare of the children in mind, has determined the present schedule of visitation. We find no error in the proceedings below and no evidence in the record which would support a reversal of the trial court.
For the above reasons, the judgment of the trial court is hereby affirmed. Defendant in rule-appellant, Jane Pierce D’Ar-mond Bradford, to pay all costs.
AFFIRMED.