441 So.2d 494 (1983)
Deinna Jean CARROWAY, Plaintiff-Appellee,
v.
Ronald Dean CARROWAY, Defendant-Appellant.
No. 15849-CA.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1983.
*495 Love, Rigby, Dehan, Love & McDaniel by William G. Nader, Shreveport, for defendant-appellant.
James L. Fortson, Shreveport, for plaintiff-appellee.
Before PRICE, SEXTON and NORRIS, JJ.
PRICE, Judge.
This is a suit for modification of a custody decree. The father who seeks the change appeals the trial court judgment, contending the court erred in accepting the mother's plan of implementation in preference to his plan, and abused its discretion in awarding "residential custody" of the child to the mother. The central issue is whether the judgment as rendered comports with the provisions of the new joint custody law enacted by the legislature.
The parties were divorced in 1981 at which time custody of their son Robert, now age 5, was awarded to the mother. The father filed this suit for joint custody soon after the effective date of the amendment to La.C.C. Articles 146 and 157, mandating the preference of joint custody for separated or divorced parents of minor children. The parties agreed that a joint custody arrangement should be implemented and it was stipulated that both parties are of good moral character, each is a good parent to the child and both wish to spend as much time as possible with him.
Both parties submitted implementation plans for the court's consideration. Appellant's complaint is limited to the residence schedule adopted by the court. The father's plan provided for alternating of the physical custody of the child from one parent to the other every three months during the 1983 calendar year with visitation privileges for the "noncustodial" parent on alternating weekends. It further suggested increasing the periods of residential custody from three months to four months beginning January 1, 1984.
The mother's plan was adopted by the trial court with a few minor alterations. The judgment rendered in accordance with this plan awards custody to the parents jointly, but provides that the child is to reside permanently with his mother. The father was awarded specified visitation of alternate weekends, alternate holidays at Thanksgiving, Easter, July 4th, and Labor Day, four days during the Christmas holiday season, Father's Day, alternate birthdays, and three weeks during the summer. Mr. Carroway contends the judgment is not a true joint custody award and the trial court abused the discretion accorded it by La.C.C. Articles 146 and 157.
*496 Where a change of custody is sought after an original award, permanent custody of the child shall be granted to the parents in accordance with La.C.C. Art. 146. See La.C.C. Art. 157. Article 146 provides that a custody award shall be made according to the best interest of the child, with first preference to awards of joint custody. It is presumed that joint custody is in the best interest of the child unless the parents agree to an award of custody to one parent or proof is submitted to show that such an award would not be in the child's best interest.
The critical provision of the article in terms of the instant case is found in Section D, as amended by 1983 Acts, No. 695, which reads as follows:
For purposes of this Article, "joint Custody" shall mean the parents shall, to the extent feasible, share the physical custody of children of the marriage. In making an award of physical custody, the court shall consider, among other things, the factors enumerated in Paragraph (C)(2). Joint custody shall also mean that the parents shall enjoy the natural cotutorship of such children in accordance with Article 250, subject to the plan of implementation effected pursuant to Paragraph A of this article. Physical care and custody shall be shared by the parents in such a way as to assure a child of frequent and continuing contact with both parents. [Emphasis added]
The record before us provides no factual basis for an intelligent determination as to what kind of residential arrangement would be in the best interest of this child. We note that the stipulation entered by the parties is in effect an admission that the parties are basically equal with respect to certain of the enumerated factors to be considered in the awarding of physical custody, such as emotional ties between parent and child, capacity to give the child love and affection, guidance and education in religion, capacity to furnish the child with material needs and the moral, mental, and physical fitness of the parties. The record is devoid, however, of any indications of the home, school, and community record of the child. See Article 146(C)(2). Nor has the trial judge provided us with any reasons for ruling as he did.
The judgment allows this father physical contact with his child approximately 83 days out of the year. Under the former rule of sole custody in one parent, visitation privileges of comparable frequency have been held not to constitute divided custody, except where the parents lived long distances from each other. See D'Armond v. DArmond, 405 So.2d 1231 (La.App. 1st Cir.1981); Pate v. Pate, 348 So.2d 1338 (La.App. 3d Cir.1977); LeBouef v. LeBouef, 325 So.2d 290 (La.App. 4th Cir.1975). Cf. Johnson v. Johnson, 357 So.2d 69 (La.App. 4th Cir.1978), writ denied 359 So.2d 197 (La.1978). It has been recognized that visitation rights which constitute divided custody in one instance might not constitute such in another. The particular facts in each case must be considered. Doherty v. Mertens, 326 So.2d 405 (La.App. 3d Cir.1976).
As pointed out by the Fourth Circuit in the recent case of Plemer v. Plemer, 436 So.2d 1348 (La.App. 4th Cir.1983), joint custody means a physical sharing of the child in addition to both parents' participation in decisions affecting the child's life. However, it does not necessarily mean a fifty-fifty sharing of time. Each case will depend on the child's age, the parents' situations, and other factors relevant to a particular child custody dispute. See La.C.C. Article 146(C)(2).
We recognize that the trial court has much discretion in setting the limits of a joint custody arrangement. However, on its face the trial court judgment merely pays lip service to the legislature's pronouncement on joint custody by calling it an award of joint custody, while denying the father the frequent and continuing physical contact which it was intended that both parents should have. That is not to say that we approve of the father's plan for moving the child from household to household every three months either. We have noted that a fifty-fifty sharing is not required, *497 and in many cases will not be feasible or beneficial. However, we do feel that in some cases it would not be detrimental to allow the father longer and more frequent periods with his child, at least during off-school time.
In any event, the best interest of the child remains the major concern in determining the degree of physical sharing to be granted in each case. The scant information in the record reveals nothing regarding the child's school situation, which is one of our primary concerns, the daily schedules of the parents, or the possible effect on the child of allowing longer periods of time with the father.
We are unable for this reason to determine specific changes which should be made in the residence schedule in order to comport with the statutory mandate to allow both parents frequent and continuing contact with the child to the extent feasible, since such a finding must also serve the best interest of the child. We therefore vacate the judgment appealed and remand this matter to the district court for adducement of additional record evidence and further proceedings consistent with the views expressed in this opinion.
REMANDED.