467 So.2d 872 (1985)
Margie Avant COLE, Plaintiff-Appellee,
v.
Steven Thomas COLE, Defendant-Appellant.
No. 16905-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1985.
*873 Brown, Wicker & Amman by D. Milton Moore, III, Monroe, for plaintiff-appellee.
David A. Sheffield, Alexandria, for defendant-appellant.
Before JASPER E. JONES, FRED W. JONES, JJ., and PRICE, J. Pro Tem.
PRICE, Judge Pro Tem.
Stephen Thomas Cole, appeals a judgment of the trial court ordering joint custody of two year old John Thomas Cole in the separation proceeding filed by Margie Avant Cole. The issue before the court is whether or not the joint custody plan assigning the wife physical custody for nine months of the year is in the best interest of the child. We conclude it is and affirm.
The parties were married on November 2, 1982 and established a matrimonial domicile in Rapides Parish. One child, John Thomas Cole, was born of the marriage. The parties physically separated in March of 1984, and shortly thereafter Mrs. Cole filed a suit for separation and asked that she be granted sole custody of the couple's two year old son, John. Mr. Cole answered and filed a reconventional demand praying that the custody of the minor child be awarded to both parties jointly. Both parties filed joint custody plans, and the matter came to trial on a rule to determine custody and child support. After the hearing on the rule, the trial court found that the presumption in favor of joint custody had not been rebutted, and awarded joint custody pursuant to a plan of implementation.
The court-ordered plan of implementation provided that the child would reside with his mother for nine months of the year, April 1st through December 31st, and would reside with his father from January 1st through March 31st. The non-custodial parent was granted visitation on alternate weekends. Holiday periods for Easter, Thanksgiving, Christmas, father's day and mother's day were spelled out and alternated. The father was ordered to pay $150.00 per month child support for the 9 months he is the non-custodial parent. The sole complaint on the appeal is that the trial court erred in failing to implement a plan which would provide for an equal sharing of the physical custody of the child.
Before we address the appellant's contention, we shall review the significant facts concerning the parties which were *874 established at trial. The trial court found that both Mr. and Mrs. Cole were good, moral persons and fit parents. They both love the child and desire to do what is best for him. Mrs. Cole resides in West Monroe with her parents. Her two daughters from a previous marriage also share the family home. Mrs. Cole is employed at a local grocery store and works approximately 32 hours a week. Her father, William H. Avant, testified that he had agreed for his daughter and his grandson to live with his family and further testified that he would aid his daughter in every way possible in raising the child. Mrs. Cole testified that while she works, John stays at a local day-care center.
Mr. Cole resides with his parents in Pineville, and is employed locally at a large grocery store. He works approximately 45 hours per week. His parents, Mr. and Mrs. John Wesley Cole, testified that they also had no aversion to their grandson residing with them, and that they would aid him in every possible way in raising the child. The child has resided with the Coles since the parties' physical separation in March. While Mr. Cole is at work the child has stayed at a local day-care center. Based upon these facts, the court found both parties to be equally fit parents and joint custody to be applicable.
Louisiana Civil Code, Article 146 provides that custody shall be awarded according to the best interest of the child, with custody to both parents jointly as the first preference. The article establishes a rebuttable presumption that joint custody is in the best interest of a minor child. Article 146 defines joint custody to mean: "the parents shall share the physical custody of the children" and provides that "physical care and custody shall be shared by the parents in such a way as to assure a child of frequent and continuing contact with both parents.
However, when the court finds that a decree of joint custody is in the best interest of the child, it does not necessarily require an equal sharing of physical custody. Hickman v. Hickman, 459 So.2d 140 (La.App. 2nd Cir.1984); Peters v. Peters, 449 So.2d 1372 (La.App. 2d Cir.1984); Carroway v. Carroway, 441 So.2d 494 (La. App. 2nd Cir.1983); Plemer v. Plemer, 436 So.2d 1348 (La.App. 4th Cir.1983).
Every child custody case must be viewed within its own peculiar set of facts and the relationships involved, with the paramount goal of reaching a decision which is in the best interest of the child. Each case will depend on the child's age, parent situations and other factors relevant to a particular child custody dispute. See La.C.C. art. 146(C)(2). In all cases involving a child custody judgment, great weight is given to the trial court's decision which will not be overturned in the absence of a clear abuse of the trial court's much discretion. Stephenson v. Stephenson, 404 So.2d 963 (La.1981); Cleeton v. Cleeton, 383 So.2d 1231 (La.1980); Hickman v. Hickman, supra; Peters v. Peters, supra; Adams v. Adams, supra; Plemer v. Plemer, supra.
No abuse of discretion is present in this case. Considering the age of the child, the situation of the parties, the distance between the residences of the parties, and the fact that both parents work, we find the lower court's plan reasonable, feasible and in the best interest of the child.
Therefore, for the foregoing reasons, the judgment of the lower court is affirmed at appellant's costs.
AFFIRMED.