505 So.2d 850 (1987)
Mary Ann Lee FOY, Defendant In Rule-Appellant,
v.
Leslie Edward FOY, Plaintiff In Rule-Appellee.
No. 18534-CA.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1987.
*851 Hall & Golden by W. Eugene Golden, Shreveport, for defendant in rule-appellant.
Love, Rigby, Dehan, Love & McDaniel by Samuel P. Love, Jr., Shreveport, for plaintiff in rule-appellee.
Before HALL, MARVIN and NORRIS, JJ.
HALL, Chief Judge.
In this action to change custody, the mother appeals a joint custody award with primary custody of the two minor sons being granted to the father. We affirm the judgment insofar as it makes the father the primary custodial parent, but remand the case to the district court to establish a more meaningful plan of joint custody.
The litigants were legally separated in 1978 and later divorced in 1981. In both judgments sole custody was awarded to the mother; the father did not contest the custody awards. Eight months after the divorce, the father was granted specific visitation rights. In January, 1986 the father filed this rule to change custody, or alternatively, for joint custody. The mother reconvened, requesting an increase in child support which had previously been fixed at $400.00 per month.
The two boys, ages 14 and 9 at time of trial in March, 1986, have been living with their mother since their parents separated. As a result the boys have developed stronger emotional ties with the mother. Although the mother is presently working, she has a poor employment record and receives food stamps. She lives in Shreveport in a home owned by her father, her fourth residence since 1981. She shares an automobile with her sister and father.
The father is a major in the United States Air Force. He did not seek custody of the children when the parties were divorced in 1981 because he was periodically being sent overseas. Since then, however, he has remarried and purchased a $106,000.00, four-bedroom, three-bath home in suburban Austin, Texas. As a fighter pilot he is still subject to temporary duty about one week out of each month, but receives compensatory time off for that duty. In the event the father received custody, his wife planned to quit work and stay home with the children.
During the four day trial, heavy emphasis was placed on the living conditions of the mother's residence and the boys' attendance and performance at school. Pictures taken in January 1986 of the mother's residence depicted unsanitary living conditions and an unkempt home. Testimony adduced at trial revealed that the boys' dogs had been locked up alone in the house for two weeks during the Christmas holidays. The mother explained that she and her sons had been staying with her sister for the holidays and before returning home, the house was thoroughly cleaned. The mother offered pictures of the same residence taken after suit was filed which showed the house to be in better condition.
The mother's frequent address changes forced the children to attend several different schools. The record revealed that the boys have missed an inordinate amount of school; in fact, the elder son failed to pass the seventh grade due to excessive absences. However, within the last year the boys have reduced their absences and have become excellent students in school. Each boy had been named to the honor roll, and the elder son was accepted to Caddo Magnet School for the 1986-87 school year.
A psychiatrist who evaluated the mother and her sons posited that a sudden, abrupt change in custody from the mother to the father would be emotionally destructive to the young boys. In his opinion, the mother had a good perception of the boys' needs and had acted as a good parent in the past. *852 The boys, he concluded, had not really had the opportunity to come to know and feel comfortable with their father because the mother had always been the custodial parent. As noted by the father, however, the psychiatrist's testimony was based solely on the information provided to him by the mother and her two sons in one interview.
The elder son testified in the judge's chambers that while he loved both of his parents, he and his brother wanted to live with his mother because they were used to living with her and they could communicate with her better. The evidence also revealed that all of the boys' relatives live in the Shreveport area.
After reviewing the evidence, the trial court stated:
As we inferred at the outset, our greatest concern is to afford the children their greatest opportunities. We feel they cannot achieve their potentials with their mother ... due to her inconstant job situation and her formerly unhealthful environment. The court also feels that even excluding the abhorrent condition in which [the father] had found the abode of his children in early January of this year, there is ample evidence that the children have missed an inordinate amount of school in past years. While we do not wish to blame [the mother], because we feel that she has done the best she can, it is simply too difficult for her to arrange her situation the way she would like it to be. We feel that the children will receive love and affection and parental guidance in either home in which they may be placed. However, we find a more stable and satisfactory environment, with maintenance of continuity in [the father's] present circumstance, which would better contribute to the mental and physical health of these boys.
The court awarded joint custody to both parents and designated the father as the primary custodial parent of the children. The mother was granted the same visitation privileges as the father previously had, namely, the first weekend of each month, alternate holidays (which include Thanksgiving, Christmas, Easter, and Fourth of July), Mother's Day, and three weeks in the summer. From this judgment, the mother appealed.
The first issue presented for our review is whether the trial court erred in awarding joint custody with the father as the primary custodial parent.
LSA-C.C. Art. 157 A directs that in all cases of separation and divorce, and change of custody after an original award, permanent custody of the child or the children shall be granted to the parents in accordance with Art. 146. LSA-C.C. Art. 146 E provides that changes in custody shall be awarded according to the "best interest of the child." This is the paramount consideration in child custody matters, including those involving a change of custody. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986); Bordelon v. Bordelon, 390 So.2d 1325 (La.1980); Turner v. Turner, 455 So.2d 1374 (La.1984); Dungan v. Dungan, 499 So.2d 149 (La.App. 2d Cir.1986); Osborne v. McCoy, 485 So.2d 150 (La.App. 2d Cir.1986), writ denied, 488 So.2d 1027 (La.1986).
As mentioned earlier, the sole custody decree in the separation and divorce judgments was uncontested. Since no "considered decree" of custody has been rendered, the heavy burden of proof requirement is not applicable, but there must be a showing of change in circumstances since the original decree. Bergeron, supra; Dungan, supra. Stability of environment is a factor which should be considered in such an action. Bergeron, supra; Dungan, supra; Bordelon, supra; Johnston v. McCullough, 410 So.2d 1105 (La.1982).
Joint custody contemplates a sharing of physical contact with the children, although an equal sharing of custody is not mandated. Hickman v. Hickman, 459 So.2d 140 (La.App. 2d Cir.1984). Every child custody case must be viewed on its particular circumstances. Great weight is given to the trial court's decision which will not be overturned absent the showing of an abuse of discretion. Stevenson v. Stevenson, *853 404 So.2d 963 (La.1981); Cole v. Cole, 467 So.2d 872 (La.App. 2d Cir.1985).
The record supports the finding that both parents love their sons. The trial court found that the father offered a more stable environment for the children. Circumstances have changed since the original uncontested custody judgment. The children are older, the mother, probably through no fault of her own, has not been able to provide a stable, wholesome home and school situation for the boys, and the father has remarried and is now in a position to provide better opportunities for the boys. Based upon the evidence presented, we find no abuse of discretion by the trial judge in determining the father to be the more stable parent and awarding him primary domiciliary custody of the children.
The mother's next contention is that the joint custody award is tantamount to an award of sole custody to the father. The mother points out that she received the same visitation rights as the father had under the prior sole custody arrangement. She cites Carroway v. Carroway, 441 So.2d 494 (La.App. 2d Cir.1983), in support of her contention that the trial court failed to implement a meaningful joint custody plan. We agree.
In Carroway, the original joint custody decree awarded the father specified visitation of alternate weekends, alternate holidays at Thanksgiving, Easter, Labor Day, Fourth of July, four days during the Christmas season, Father's Day, alternate birthdays, and three weeks in the summer. Under this plan, the father had physical contact with his child approximately eighty-three days during the year. This court reversed and remanded the case to the trial court holding that the father was denied frequent and continuing physical contact with his child, particularly during off-school time and instructed the trial court to fashion a more meaningful joint custody plan.
In the present case, the mother was awarded specified visitation of alternate holidays at Thanksgiving, Christmas, Fourth of July, and Easter, the first weekend of every month, Mother's Day, and three weeks in the summer. The present joint custody plan allows the mother approximately forty-eight days of physical contact with her children during the year. Here, like Carroway, the trial court judgment, although characterized as joint custody, denies the mother frequent and continuing physical contact with her sons, especially during the summer months. We will remand the case to the district court for consideration of a more meaningful joint custody plan.
When the trial court fashions a true joint custody arrangement, consideration should be given to the mother's need for child support during those months in the summer when she has the children with her because she has neither the ability nor the means to support the children. In addition, the court should consider the relative financial positions of the parties in determining which party should bear the cost of transportation to and from Texas in order for the mother to effectively exercise her visitation rights.
We affirm the judgment insofar as it makes the father the primary custodial parent, but remand this case to the district court for implementation of a more meaningful joint custody arrangement consistent with the views expressed in this opinion. The visitation rights of the mother as stipulated in the judgment shall remain in effect until judgment revising the joint custody plan is rendered. All costs of the appeal are assessed to the appellee.
AFFIRMED IN PART AND REMANDED.