577 So.2d 761 (1991)
Randy Layne ROGERS
v.
Leah Munson ROGERS.
No. CA 90 1547.
Court of Appeal of Louisiana, First Circuit.
March 28, 1991.
Larry Buquoi, Gonzales, for plaintiff Randy Layne Rogers.
J. Louis Watkins, III, Houma, for defendant/appellant Leah Munson Rogers.
Before SAVOIE, CRAIN and FOIL, JJ.
FOIL, Judge.
This appeal is brought by defendant, Leah Munson Rogers Broadwater, from a judgment which denied her request to modify a joint custody plan by awarding her domiciliary custody of her two minor children. We find no error or abuse of discretion and affirm.

FACTS
The parties were married on June 26, 1982, and two children were subsequently born during the marriage. A physical separation *762 took place in March, 1988, and plaintiff, Randy Layne Rogers, filed a petition for legal separation in April, 1988. He requested that there be joint custody of the children, with him being named the primary custodial parent. Defendant filed an answer in proper person, wherein she agreed to plaintiff being awarded the physical custody of the children subject to her visitation rights if the court should grant legal separation based on mutual fault. A judgment of separation was granted on May 2, 1988, based on mutual fault, awarding joint custody under the conditions agreed upon by defendant. In January, 1989, plaintiff filed a divorce action against his wife, requesting that custody be awarded as it was in the judgment of separation. Prior to a hearing on the matter, defendant signed an affidavit waiving her right to appear and agreeing that a default judgment be entered against her. Thus, by consent judgment, the parties were awarded the joint custody of the minor children, with the plaintiff/father being named as the domiciliary parent, subject to specified visitation rights of the mother.
After living with another person for approximately one year, the defendant married him in June, 1989. In August of 1989, she filed a rule for change of custody, requesting that she be awarded the physical custody of the children. Specifically, she claimed that since the custody decree, the circumstances of the parties had substantially changed in that she had remarried. Defendant also alleged that she could provide a better home and a more stable environment for the children.
After a hearing on the matter, the trial court denied defendant's request for a change of the domiciliary parent. From this adverse judgment, defendant appeals, assigning the following errors:
1. The trial court erred in determining the physical custody of the minor children should not be transferred from their father to their mother;
2. The trial court erred in determining that the mother could not provide a more stable environment for the children;
3. The trial court erred in determining that the father was providing a stable relationship for the children; and
4. The trial court erred in determining that the mother's previous living arrangement prevented the court from granting a change in the physical custody of the minor children.

MODIFICATION OF CUSTODY
La.Civ.Code art. 157 states that, "[i]n all cases of separation and divorce, and change of custody after an original award, permanent custody of the child or children shall be granted to the parents in accordance with Article 146." La.Civ.Code art. 146 provides that changes in custody may be awarded according to the "best interest of the child."[1]
In the leading case of Bergeron v. Bergeron, 492 So.2d 1193 (La.1986), the Louisiana Supreme Court discussed the applicable burden of proof in matters concerning modification of custody decrees. The court stated:
When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.
Id. at 1200. However, where no considered decree of custody has been rendered, the "heavy burden" rule stated above does not apply. According to Bergeron, in those cases, a party seeking to modify the custody arrangement must still prove that a change in circumstances materially affecting the welfare of the child has occurred since the original decree and that the modification proposed is in the best interest of the child. The reasons for the change of *763 circumstances rule are that it is desirable to put an end to litigation and undesirable to change a child's established mode of living except for imperative reasons. Id. at 1195. The best interest principle recognizes the child's substantive right to the custodianship that best promotes his welfare, whereas the change of circumstances precept is an auxilliary evidentiary and procedural rule judicially created for the purpose of enforcing and protecting the child's substantive right. Id. at 1196. A trial court's award of custody is entitled to great weight and will not be overturned on appeal unless an abuse of discretion is clearly shown. Id.
In this case, the joint custody decree was entered by the consent of the parties. As no evidence was adduced concerning parental fitness, it was not a "considered decree." Accordingly, the defendant was required to prove the occurrence of a change of circumstances materially affecting the welfare of the children and that the modification which she proposed was in the best interest of the children.
In support of her claim that the best interest of the children requires a change of physical custody to herself, defendant argues she and her husband could provide a stable and normal schedule for the children. They have purchased a mobile home and a small tract of land near Natchitoches, Louisiana. Defendant emphasizes that she and her husband currently both work normal-hour day jobs, Monday through Friday. She would be able to take the children to school in the morning and pick them up in the afternoon. The children would not be required to sleep away from home and stay with babysitters as they must do while they are living with their father. Thus, her main argument is that the work schedule of the father is not in the best interest of the children.
The record reveals that the children's father is employed at a refinery and is required to work twelve-hour shifts, from 6:00 to 6:00 either day or night, for fifteen days a month. He is, however, on a regular schedule. When he works the day shift, he takes the children to his sister's house (which is located right down the road from his house) and puts them back to bed there. The school bus picks them up at his sister's house and drops them off there in the afternoon, where they remain until he gets off of work. When he works the night shift, the children spend the night at his sister's house. His niece and sometimes his nephew (his sister's teenage children) occasionally babysit the children. The children also spend a good deal of time with plaintiff's parents, who also live nearby. When plaintiff is not working, he spends as much time as possible with the children, when they are not in school.
In oral reasons for judgment, the trial court found that plaintiff spends a considerable amount of time with his children. The children do not suffer from a lack of medical attention and their physical needs are taken care of. The court noted that plaintiff took on the responsibility of being the custodial parent, and there was no showing that he neglected his duties. As such, the court concluded that there was no showing of such a change of circumstances as to warrant a change of the primary custodian.
After a thorough review of the record, as well as the oral reasons for judgment given by the trial court, we are convinced that the decision of the trial court is correct. We note that the daily environment at the father's residence, including his shift work, has remained the same since the parties were married. The only evidence of a change in circumstances shown by the mother is that she is remarried, she and her new husband have purchased a trailer and a small tract of land, and she is now employed.
It is well settled that stability of environment is a factor to be taken into account in determining what is in the best interest of the children. Bailey v. Bailey, 527 So.2d 1030, 1032 (La.App.2d Cir.), writ denied, 528 So.2d 565 (La.1988). A change from a stable environment should not be made absent a compelling reason. Id. at 1033. A particular consideration is the length of time the child has been with the domiciliary parent. Id. In the present case, the children *764 have been with their father their entire lives. At the time of trial, the father had been the domiciliary parent for approximately one and one-half years. Moreover, there was no showing that the children's current routines have been detrimental. On the contrary, the evidence revealed that the children's present environment allows them a good deal of time with the father, as well as close contact with their aunts, cousins and grandparents. In addition, the evidence of the father's use of babysitters is insufficient to show any adverse effect on the children, particularly since there was no evidence that the babysitters involved, the children's relatives, were unfit to provide such a service. We believe that the long-term stability of environment the children have had with their father outweighs the possibility of a more "normal daily routine" at the mother's residence. The changes in circumstances shown by the mother simply do not present a compelling reason to uproot the children from a competent one and one-half year environment. See Bailey v. Bailey, 527 So.2d at 1034. We find no abuse of discretion in the trial court's refusal to modify the joint custody plan by changing the domiciliary parent from the father to the mother.

THE "REFORMATION" RULE
The defendant complains of the trial court's finding that her moral fitness was a legal impediment to her obtaining custody of the children even though she married the man she had been living with. The jurisprudential "reformation" rule provides that when a parent terminates an adulterous relationship either by ceasing the immoral behavior or by marrying the paramour, that reformation obliterates that parent's prior indiscretion and can no longer be a factor in determining that parent's fitness for custody. Dykes v. Dykes, 488 So.2d 368 (La.App. 3d Cir.), writ denied, 489 So.2d 1278 (La.1986), and cases cited therein.
Unfortunately, the trial court in its oral comments stated that defendant's prior impediment can act as a bar to a change of custody. However, inherent in the trial court's choice to deny the change of custody is a determination that the record indicated that it was in the children's best interest for the father to remain domiciliary custodian. As the best interest of the children principle is always the paramount consideration in determining to whom custody should be granted, and the record clearly supports the result reached in this case, we decline to disturb the custody determination regardless of the trial court's harmless error in failing to give adequate weight to the "reformation" rule.
For the foregoing reasons, the decision of the trial court continuing joint custody of the children with the father as domiciliary parent is affirmed. Costs of the appeal are assessed to the defendant/appellant.
AFFIRMED.
NOTES
[1] Effective January 1, 1991, La.Civ.Code arts. 157 and 146 have been redesignated as articles 134 and 131, respectively, pursuant to Acts 1990, No. 1008, § 8, and Acts 1990, No. 1009, § 10.