606 So.2d 1359 (1992)
James Carey PAHAL
v.
Debra Lynn Taylor PAHAL.
No. 24067-CA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1992.
*1361 Susan Scott, Shreveport, for appellant.
Whitley R. Graves, Benton, for appellee.
Before LINDSAY, VICTORY and STEWART, JJ.
VICTORY, Judge.
In this child custody case, the parties were awarded joint custody of their son, with the father designated as domiciliary custodian. The mother appeals the judgment claiming the trial court erred (1) in awarding father domiciliary custody, (2) in denying mother frequent and continuing physical custody of the child, and (3) in approving a joint custody plan that does not conform with the requirements of LSA-C.C. Art. 131. We amend the trial court's judgment and affirm as amended.

FACTS
The parties were married on July 1, 1988. Mrs. Pahal left the matrimonial domicile on November 16, 1990, when she was six months pregnant. On January 5, 1991, she moved in with a high school boyfriend, Jeff Leggett, who had been released in November from Louisiana Department of Corrections, following his second felony conviction. On January 27, 1991, the parties' son was born, who resided with Mrs. Pahal until the time of trial, November 7, 1991. Mrs. Pahal continuously lived with Mr. Leggett until October 1, 1991, when he moved out upon advice of Mrs. Pahal's attorney in anticipation of these custody proceedings.
In December of 1990, Mr. Pahal had filed a petition for separation on grounds of abandonment, and judgment was granted on February 28, 1991, but was silent as to custody. On October 11, 1991, Mrs. Pahal filed a petition for divorce, seeking domiciliary custodianship of their son under a joint custody plan. Mr. Pahal answered and reconvened seeking a divorce and sole custody or, alternatively, joint custody with him designated as domiciliary custodian.
The custody hearing was held on November 7, 1991 and judgment was rendered granting joint custody with Mr. Pahal designated as domiciliary custodian. In oral reasons, the court stated it was in the best interest of the child for Mr. Pahal to be the domiciliary parent based on (1) Mrs. Pahal's adultery with a twice convicted felon, (2) a better opportunity for timesharing, (3) Mrs. Pahal's lack of credibility (the judge *1362 clearly believed she lied when she denied signing Mr. Pahal's name on an insurance check), (4) Mr. Pahal's commitment to the principle of providing religious training for the child, and (5) Mr. Pahal's better family support, with his parents living next door.

DOMICILIARY CUSTODY
Appellant first argues that the trial court erred in awarding domiciliary custody to Mr. Pahal based on her adulterous activity. She cites the jurisprudential rule of reformation set forth in Rogers v. Rogers, 577 So.2d 761 (La.App. 1st Cir.1991), claiming that when a parent terminates an adulterous relationship, either by ceasing the immoral behavior or by marrying the paramour, the reformation obliterates that parent's prior indiscretion and can no longer be a factor in determining that parent's fitness for custody.
The evidence at trial reveals that Mr. Leggett moved out of Mrs. Pahal's residence about one month before trial, only after being advised to do so by counsel. Mrs. Pahal admitted at trial that he stayed overnight with her thereafter when her son was not present in the home. Although Mrs. Pahal asserts in brief that she married Mr. Leggett after the hearing, this evidence of marriage was not before the trial judge. Mrs. Pahal testified she and Mr. Leggett were to be married shortly.
In Rogers v. Rogers, supra, the mother sought to modify a prior custody award which named the father domiciliary custodian, following her marriage to her former paramour. Although the court recognized that the mother's prior adulterous impediment could no longer bar her right to custody, it found that the award to the father was still in the child's best interest. In the present case, Mrs. Pahal was not married to her paramour at the time of trial. In addition, the trial court was required by LSA-C.C. Art. 131(D) to consider the moral fitness of the parties involved, as well as the other relevant factors listed in LSA-C.C. Art. 131(C)(2). Mrs. Pahal was not denied custody, but was granted joint custody along with her ex-husband, who was named domiciliary custodian.
Appellant also contends that her 11-month old son should not be removed from the stable environment he has enjoyed since birth. She asserts that in determining the best interest of the child, one of the factors to be considered is the desire to continue the child in the care of the parent who has provided the degree of continuous care and affection which creates a close bond.
The trial court was certainly cognizant of the child's tender age when it granted domiciliary custody to Mr. Pahal. The record reveals that Mr. Pahal had frequent contact with his son since birth, including keeping the child every weekend that he was not working out of town. Undoubtedly, the child had bonded to both parents. Despite his work schedule, the court found that Mr. Pahal has had no problems caring for the child, considering his parents live next door and readily offer assistance.
The trial court's custody award was based on Mrs. Pahal's adulterous relationship with a twice convicted felon, her lack of credibility, Mr. Pahal's commitment to provide religious education for the child, and his ability to offer better family support than Mrs. Pahal, all of which are relevant factors under the custody statute in determining which parent should be the domiciliary parent in the child's best interest. Based on this record, we find no error in the trial court's award of domiciliary custody to the father.

VISITATION
The trial court granted Mrs. Pahal physical custody with her son every other weekend from Friday at noon until Monday at noon and on Mondays that she does not enjoy regular weekend visitation from 9:00 a.m. until 8:00 p.m., if Mr. Pahal's work requires him to be out of town that day. Additionally, Mr. Pahal was allowed to have the child for time periods each Sunday *1363 that the child was with his former wife, in order to take him to church both morning and evening.
Mrs. Pahal asserts that the court's schedule of physical custody does not accord her frequent and continuing contact with her son, as mandated by LSA-C.C. Art. 131(D). Mrs. Pahal requests six weeks physical custody during the summer months and at all times when Mr. Pahal is out of town, instead of allowing the child to stay with his paternal grandparents or day care center.
The record shows that Mr. Pahal works for a railroad Monday through Thursday, a job which requires him to be one and a half to two hours away from Shreveport on Monday through Thursday six to eight months per year. At trial, Mr. Pahal indicated that he was able to travel home nightly from most of his out of town jobs. Mrs. Pahal works as a secretary at an insurance firm Tuesday through Thursday. Since both parties are employed, the child will be with a third party caretaker during working hours on Tuesdays through Thursdays.
Joint custody contemplates a sharing of physical contact with the children, although an equal sharing of custody is not mandated. Foy v. Foy, 505 So.2d 850 (La.App.2d Cir.1987); Hickman v. Hickman, 459 So.2d 140 (La.App.2d Cir. 1984). Substantial time rather than strict equality of time is mandated by the legislative scheme providing for joint custody of children. Carroway v. Carroway, 475 So.2d 48 (La.App.2d Cir.1985). Every child custody case must be viewed on its own peculiar set of facts and the relationships involved, with the paramount goal of reaching a decision which is in the best interest of the child. Appellate courts should be reluctant to interfere with custody plans ordered by the trial courts in the exercise of their discretion. Hickman v. Hickman, supra. Great weight is given to the trial court's decision which will not be overturned absent the showing of an abuse of discretion, Stephenson v. Stephenson, 404 So.2d 963 (La.1981).
Appellant cites Foy v. Foy, supra, and Carroway v. Carroway, 441 So.2d 494 (La. App.2d Cir.1983), on appeal after remand 475 So.2d 48 (La.App.2d Cir.1985), where this court remanded for failure to implement a meaningful joint custody plan. In Foy, the father was awarded domiciliary custody and the mother was granted physical custody one weekend per month, alternating holidays, and three weeks in the summer, which totaled approximately 48 days per year. In Carroway, the mother was awarded domiciliary custody and the father was granted approximately 83 days of physical custody per year. In both cases, this court found that the trial court had denied the parties frequent and continuing physical contact and remanded for implementation of a new joint custody plan.
The existing joint custody implementation plan provides Mrs. Pahal with approximately 125-135 days of physical custody per year, including holidays. Although the plan does not provide for 50-50 timesharing, it promotes stability and continuity in the domiciliary parent's home, which is an important factor in the child's upbringing. Considering both parents work during the week, the plan provides equal weekend quality time with their son. In addition, the plan gives Mrs. Pahal physical custody on the alternating Mondays that Mr. Pahal must be out of town.
Considering the liberal visitation from Fridays at noon until Mondays at noon, in addition to alternating Mondays when Mr. Pahal is out of town, Mrs. Pahal will enjoy substantial time with her son on all but eight days per month when she is not at work. We find the trial court's award of timesharing in all but the summer months to be reasonable, feasible and in the best interest of this child. See Hickman v. Hickman, supra, which affirmed a custody judgment which allowed the non-custodial parent 130-140 days of physical custody per year.
Both parties were ordered to submit implementation plans within 10 days of the *1364 hearing proposing custody during holidays and summer months. Because appellant never submitted a joint custody plan, appellee filed an ex parte judgment and joint custody proposal. This judgment and the attached custody plan were signed by the trial judge on November 26, 1991.
Mr. Pahal's plan included specified periods of physical custody during holidays and three weeks uninterrupted visitation for each party during the summer months. In order to achieve a more equal timesharing, we hold that Mrs. Pahal's summer custody should be extended to six weeks, but that Mr. Pahal shall enjoy two weekends of visitation during this period from Friday noon until Sunday at 8:00 p.m. This amendment will grant Mrs. Pahal three additional weeks of visitation, which shall be exercised in compliance with Section D of the implementation plan.
The trial court granted Mr. Pahal visitation for both morning and evening religious services every Sunday that Mrs. Pahal has physical custody. This provision effectively denies Mrs. Pahal the opportunity to be active in the formal religious life of her son. Section E(3) of the implementation plan shall be amended to afford Mrs. Pahal the opportunity to take her son to church on the Sundays she has physical custody, provided she gives Mr. Pahal notice by noon the preceding Friday of her intent to do so. If Mrs. Pahal chooses not to take the child to church on Sunday morning or evening or both, Mr. Pahal shall retain his visitation rights to such service or services as set forth in Section E(1) of the implementation plan.

JOINT CUSTODY IMPLEMENTATION PLAN
Mrs. Pahal argues that the joint custody plan submitted by Mr. Pahal and adopted by the trial court fails to set forth the requirement of joint decision making, access to medical and health records, co-tutorship, and other matters, citing LSA-C.C. Art. 131. She asserts that the plan should contain a requirement for the parties to discuss and agree on important issues concerning the child, including schooling and medical care.
LSA-C.C. Art. 131(A)(1) and parts of Art. 131(D) convey certain rights to parents with joint custody, but do not specifically mandate that such language be included in joint custody implementation plans, although Art. 131(A)(1) generally sets forth the requirements of the plan.
As noted previously, the trial court ordered both parties to submit plans of implementation, but appellant failed to do so. If appellant desired inclusion of the rights to which she is entitled by statute, she should have filed a plan, or sought to amend appellee's plan in the trial court, instead of raising this issue on appeal for the first time. Since the trial court has not ruled adversely to appellant on this issue, and it appears evidence and or stipulations may be required to resolve the details, appellant's remedy is to file a motion seeking an amendment to the plan adopted in the trial court.

CHILD SUPPORT
Appellee claims that the award of $75 child support in his favor should be increased to $109, the amount of support indicated by the child support guidelines. Although appellee argues in brief that the trial court's award of child support should be increased, he did not file an appeal. This issue, being presented neither by independent appeal nor answer to the appeal, is not properly before this court and will not be considered. LSA-C.C.P. Art. 2133; Dull v. Gibbs, 577 So.2d 806 (La.App.2d Cir.1991).

DECREE
For the foregoing reasons, the trial court's judgment awarding joint custody to the parties, with the father designated as domiciliary custodian, is affirmed. Section D of the joint custody implementation plan is amended to read as follows:

*1365 During the summer months between the time school is dismissed and school resumes, JAMES CAREY PAHAL shall enjoy a three (3) week period of visitation and DEBRA LYNN PAHAL shall enjoy a six (6) week period of visitation and during such time the visitation as outlined in A. above shall be suspended. However, the visitations as outlined in B. and C. are not suspended during that time period, unless otherwise agreed upon by the parties. JAMES CAREY PAHAL shall enjoy two weekends of visitation, at a time agreed upon by the parties, during DEBRA LYNN PAHAL'S six week period of custody beginning on Friday at noon and ending Sunday at 8:00 p.m. Each parent shall attempt to notify the other parent as soon as possible, and no later than two weeks before the beginning date, of the planned Summer Visitation. In no event shall such Summer Visitation take place within the week after school is dismissed or within the week immediately before school resumes.
Section E of the plan is amended to read as follows:
(2) This Religious Visitation will not be allowed during DEBRA LYNN PAHAL'S six (6) week Summer Visitation outlined in D. above only if DEBRA LYNN PAHAL notifies JAMES CAREY PAHAL she and the minor child will be further than fifty (50) miles from home on vacation. Otherwise this Religious Visitation shall take precedence over all other visitation schedules.
(3) This Sunday religious visitation shall be suspended provided that DEBRA LYNN PAHAL notifies JAMES CAREY PAHAL by noon on the preceding Friday that she intends to take the child to morning or evening religious services, or both. JAMES CAREY PAHAL shall retain his religious visitation rights, as set out in Section E(1), during any service, morning or evening, that DEBRA LYNN PAHAL does not elect to attend with the child.
Costs of this appeal are to be divided equally between the parties.
AMENDED, AND AS AMENDED, AFFIRMED.