J_iDECUIR, Judge.
Shane Hunt appeals a ruling of the trial court refusing to grant him domiciliary parent status and granting him only limited visitation with his minor child.
FACTS
Shane and Rachel Patten Hunt were divorced on December 2, 1993. Under the stipulated divorce judgment, the parties agreed to joint custody of an unborn child, with Rachel Patten being named the primary custodian and Shane Hunt having supervised visitation with the child on one specified weekend per month and at any other time the plaintiff visited her parents in Franklin-ton. The child, Melana Sunshine, was bom on December 5, 1993.
On the advice of counsel, Rachel allowed Shane only four (4) hours of visitation per month in Harrisonburg and when she was in Franklinton. The Franklinton visits prompted this action. It came to Shane’s attention that Rachel had been in Franklinton and had failed to bring Melana to him for a visit. Already dissatisfied with the limited visitation he was being allowed, Shane filed a Rule to Modify Custody which was heard on October 17, 1994.
Both parties testified at the hearing. Rachel testified that she had been to Franklin-ton without notifying Shane, but claimed that she was merely stopping by while riding in the vehicle of a third party and did not wish to delay her host. We note, however, that Rachel refused to take Shane’s phone number, indicating she had no intention of speaking to him on the phone. In fact, Rachel only ^communicates with Shane by mail. She readily admitted that she would prefer that Shane have no part in Melana’s life, but indicated she would comply with the court’s ruling. Despite allegations that Shane was violent, Rachel testified that he had never been violent with Melana or any other child.
*461 Shane testified that he had never abused his wife or child, and that he is current in his child support payments. He indicated that Rachel informed him that she wanted her new husband to be Melana’s father and would prefer he not be involved with the child. He testified further that his family would provide any assistance he might need in caring for the child. This testimony was confirmed by Shane’s sister, Doughty Dykes.
The trial court limited Shane’s visitation to every other weekend, six hours a day on Saturday, in Harrisonburg. The trial court’s visitation judgment was to be open for review in eight months. Shane appeals the court’s visitation order as well as its refusal to grant Shane domiciliary parent status.
DISCUSSION
Shane Hunt alleges that the trial court erred in failing to assure that the child has continuing and frequent contact with both parents. The appellant relies on La.R.S. 9:335 in support of his contention that the trial court erred. The statute provides that the custody order shall allocate time so that the child is assured of frequent and continuing contact with both parents, and that to the extent feasible, physical custody shall be shared equally. Id. Recently, in Bynog v. Bynog, 95—173 (La.App. 3 Cir. 7/26/95); 663 So.2d 86, we noted that the trial court is obligated under the statute to consider the “equal physical custody to the extent feasible” mandate. Furthermore, we found that unless unfit or otherwise unable to attend to the children’s needs, a parent has a statutorily protected right to play a significant role in caring for the children.
There is considerable jurisprudence on the question of what constitutes frequent and continuing contact with both parents and reasonable visitation rights for non-domieiliary parents. In Bynog, 663 So.2d 86, the lower court awarded joint custody naming the father domiciliary parent and granting the mother visitation on alternating weekends, major holidays, and during four separate one-week periods during the year. In addition, the order required that visitation be exercised within the state. A five judge panel of the court found that the custody plan was ^inadequate and awarded equal custody in six-month increments and lifted the territorial restriction. In Foy v. Foy, 505 So.2d 850 (La.App. 2 Cir.1987), the father was granted domiciliary custody, and the mother was given physical custody one weekend per month, alternating holidays, and three weekends in the summer, which totaled approximately 48 days per year. In Carroway v. Carroway, 441 So.2d 494 (La.App. 2 Cir. 1983), the non-domiciliary father was granted approximately 83 days of physical custody per year. In both cases, the Second Circuit found that the trial court had denied the children frequent and continuing contact with the non-domieiliary parent, and remanded for implementation of a new joint custody plan. In Gilchrist v. Gilchrist, 492 So.2d 228 (La. App. 3 Cir.1986), this court, after finding that the presumption in favor of joint custody had been rebutted, held that the non-custodial husband’s award of visitation only on every other weekend was not sufficient to allow the children frequent and continuing contact with their father. In Gilchrist, this court concluded that a minimum level of visitation would be every other weekend, two foil weeks in the summer, alternating holidays during the year, and on Father’s Day.
In addition, we note that in Gilchrist there was more substantive evidence of violence on the part of the father than is present in this case. Furthermore, there was an evident drinking problem which is not present in the case before us.
We recognize that the trial court has much discretion in setting the limits of a joint custody arrangement. Muller v. Muller, 94-281 (La.App. 3 Cir. 10/5/94); 643 So.2d 478. However, on its face, the trial court judgment merely pays lip service to the legislature’s pronouncement on joint custody by calling it an award of joint custody, while denying the father the frequent and continuing physical contact which it was intended that both parents should have. We do not wish to suggest that the trial court improperly considered the tender years of the child in limiting visitation, we merely believe that the order denying frequent and continuing physical contact for the first eighteen months of the child’s life is excessive. As is always the *462 case, the best interest of the child remains the major concern in determining the degree of physical sharing to be granted in each case.
By his second assignment, Shane alleges that the trial court abused its discretion in awarding domiciliary status to Rachel in light of her unwillingness to facilitate a relationship between father and daughter. The scant information in the record reveals little about the actual volatility of the relationship between the parents, the actual ability of Rachel to facilitate a relationship between |4Shane and Melana, or the possible effect on the child of allowing longer periods of time with the father. Therefore, given the latitude afforded trial courts in custody matters, we cannot say the award of domiciliary status to Rachel was an abuse of discretion.
Likewise, the sparsity of the record makes it impossible for us to determine specific changes which should be made in the visitation schedule in order to comport with the statutory mandate to allow both parents frequent and continuing contact with the child. In addition, we note that the order appealed from is currently open to review under its own terms. We, therefore, affirm the trial court’s designation of Rachel Patten Hunt as the domiciliary parent and vacate the remainder of the judgment, finding the order denies frequent and continuing contact and is excessive. We further remand this matter to the district court for the taking of additional evidence and further proceedings consistent with the views expressed in this opinion.
REMANDED.
PER CURIAM.