753 So.2d 977 (2000)
Jeffery Donald ELLINWOOD, Plaintiff-Appellee,
v.
Ann Marie Enos BREAUX, Defendant-Appellant.
No. 32,730-CA.
Court of Appeal of Louisiana, Second Circuit.
March 1, 2000.
*978 William G. Nader, Shreveport, Counsel for Appellant.
Kammer & Huckabay by Pugh T. Huckabay, III, Shreveport, Counsel for Appellee.
Before BROWN, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
This appeal arises from the trial court's judgment awarding Jeffrey Donald Ellinwood ("Mr.Ellinwood") and Ann Marie Enos Breaux ("Ms.Breaux") joint custody of their minor child, designating Mr. Ellinwood as the domiciliary parent, awarding visitation to Ms. Breaux and ordering Ms. Breaux to pay child support in the amount of $523.71 per month. Ms. Breaux appeals, arguing that the parties should share equally, 50/50, in the physical custody of the child. For the reasons stated herein, we amend the judgment of the trial court and, as amended, affirm.

FACTS
Mr. Ellinwood and Ms. Breaux lived together from the spring of 1992 through the summer of 1997, but never married. On April 7, 1993, a child, Nathaniel Cole Ellinwood-Breaux ("Nathaniel"), was born of the relationship. There is no dispute that Mr. Ellinwood is Nathaniel's biological father.
Ms. Breaux moved out of the home permanently in August 1997 and began living with another man with whom she still resides. Mr. Ellinwood has since married and lives with his family in the same home he previously shared with Ms. Breaux. According to the testimony of both Mr. Ellinwood and Ms. Breaux, after the parties separated and until the present litigation, by mutual agreement, the parties shared physical custody of Nathaniel on a fairly equal (50/50) timesharing basis.
The record reveals, however, that the parties were having difficulty in agreeing on visitation with Nathaniel and heated confrontations between the two were occurring during exchanges of the child. On May 5, 1998, as a result of the problems regarding visitation, Ms. Breaux filed a "Petition to Establish and/or Declare Paternity and to Establish Child Support" in Caddo Parish. Two days later, Mr. Ellinwood filed a similar petition in Bossier Parish. The parties agreed to present the case in Bossier Parish. On May 22, 1998, the trial court entered an interim order which continued the arrangement of an equal physical timesharing (50/50) of Nathaniel until the conclusion of the trial, which was held on September 3, 1998, and November 6, 1998. As previously stated, after hearing the entirety of the evidence, the trial court awarded both parties the care, custody and control of the child and designated Mr. Ellinwood as the primary domiciliary parent. Ms. Breaux was awarded visitation every other weekend, from 6:00 p.m. on Friday until 6:00 p.m. on Sunday, alternating holidays and four weeks in the summer, two weeks in June and two weeks in July, which, when totaled, *979 averages to approximately 95 days per year. She was also ordered to pay child support. The judgment further provided for the maintenance of health insurance for Nathaniel, the equal sharing of any medical expenses not covered by such insurance and, finally, that the parties would alternate the tax deduction.

DISCUSSION
A trial court's determination regarding child custody is to be afforded great deference on appeal and will not be disturbed absent a clear abuse of discretion. Hawthorne v. Hawthorne, 96-89 (La.App. 3rd Cir.5/22/96), 676 So.2d 619, writ denied, 96-1650 (La.10/25/96), 681 So.2d 365; State in the Interest of C.G. (La.App. 2d Cir.1992), 609 So.2d 1049, writ denied, 93-0009 (La.1993), 612 So.2d 85. Every child custody case must be decided based only on its own particular facts and circumstances. McKinley v. McKinley, 25,365 (La.App. 2d Cir. 1/19/94), 631 So.2d 45; Lindner v. Lindner, 569 So.2d 173 (La.App.1st Cir.1990). On appellate review, the determination of the trial court in establishing or modifying custody is entitled to great weight and will not be disturbed absent a clear showing of an abuse of discretion. Thompson v. Thompson, 532 So.2d 101 (La.1988); Bergeron v. Bergeron, 492 So.2d 1193 (La.1986).
Joint custody determinations are governed by La. R.S. 9:335 which provides in pertinent part:
A. (1) In a proceeding in which joint custody is decreed, the court shall render a joint custody implementation order except for good cause shown.
(2)(a) The implementation order shall allocate the time periods during which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents.
(b) To the extent it is feasible and in the best interest of the child, physical custody of the children should be shared equally.
When the trial court finds that a decree of joint custody is in the best interest of the child, it does not necessarily require an equal sharing of physical custody. Nichols v. Nichols, 32,219 (La.App.2d Cir.9/22/99), 747 So.2d 120; O'Brien v. O'Brien, 30,001 (La.App.2d Cir.12/10/97), 704 So.2d 933; Pahal v. Pahal, 606 So.2d 1359 (La.App. 2d Cir.1992); Williams v. Williams, 540 So.2d 1013 (La.App. 2d Cir. 1989). Substantial time, rather than strict equality of time, is mandated by the legislative scheme providing for joint custody of children. Carroway v. Carroway, 441 So.2d 494 (La.App. 2d Cir.1983); Boyd v. Boyd, 26,292 (La.App.2d Cir.12/7/94), 647 So.2d 414; Hickman v. Hickman, 459 So.2d 140 (La.App.2d Cir.1984). It does not necessarily mean a 50/50 sharing of time.
This court applied the above described scheme in Pahal, supra, wherein the parties were awarded joint custody of their 11-month-old son, with the father designated as domiciliary parent. The mother appealed claiming the trial court erred in naming the father domiciliary parent and in denying the mother frequent and continuing physical contact with the child. This court held the trial court's award of timesharing in all but the summer months to be reasonable, feasible and in the best interest of the child. Mrs. Pahal was given physical custody every other weekend from Friday at Noon until Monday at Noon and from 9:00 a.m. until 8:00 p.m. on the Mondays that she did not enjoy regular weekend visitation. Although the plan did not provide 50/50 timesharing, it promoted stability and continuity in the domiciliary parent's home, which is an important factor in the child's upbringing. Nevertheless, in order to achieve more equal timesharing, we extended Mrs. Pahal's summer custody to six weeks. The amendment provided three additional weeks of custody.
In our more recent decision in Nichols, supra, relying on our reasoning in Pahal, supra, we again concluded that, where the father was designated domiciliary parent and the mother was awarded visitation one week per month in September through *980 May, two weeks in June, July and August and one-half of all the major holiday periods, the intent of La. R.S. 9:335(2)(a) was not met because the mother was not afforded the frequent and continuing contact as contemplated by that statute. We, therefore, remanded the matter to the trial court for a hearing and determination of a more meaningful visitation schedule for the mother and child.
In this case, as we were in Pahal and Nichols, we must be mindful of our jurisprudence which has reversed or amended joint custody awards where the nondomiciliary parent is granted less than 100 days of custody. O'Brien, supra. We also note, however, that we do not lay down hard and fast rules and guidelines in these cases. Nichols, supra; Carroway, supra. Each case depends on the child's age, the parents' situations and other factors relevant to a particular child custody dispute. Nichols, supra; Wilson v. Wilson, 30,445 (La.App.2d Cir.4/9/98), 714 So.2d 35; O'Brien, supra; Swope v. Swope, 521 So.2d 656 (La.App. 1st Cir. 1988); Pevey v. Pevey, 484 So.2d 959 (La. App. 1st Cir.1986).
At the trial of the case sub judice, the court was faced with evidence establishing questionable past behavior of Ms. Breaux regarding Nathaniel. Ms. Breaux admitted in her testimony that she is in therapy and taking medication for emotional problems that have contributed to her frustrations associated with raising not only Nathaniel, but her two older children as well. She testified that she has yelled at the children, called them names and admitted to hitting Mr. Ellinwood with the van during one dispute over Nathaniel's custody. The propriety of the trial court's decision as to the designation of Mr. Ellinwood as domiciliary parent, however, is not at issue in this appeal; and, despite the above described evidence, there was also testimony adduced as to the capability of both parents to provide stable and loving homes for Nathaniel.
On the record before us, we believe that, as a whole, the visitation award of approximately 95 days per year for Ms. Breaux does not effectuate the intent of the legislature with regard to joint custody arrangements. Nathaniel is now approaching school age (seven years of age) and we find that the trial court's plan of weekend and holiday visitation is reasonable, feasible and in the best interest of the child. We believe, however, that extending Ms. Breaux's summer visitation will provide her with more meaningful contact with Nathaniel. In order to effectuate a more equal timesharing, we conclude that Ms. Breaux's summer visitation should be extended to six weeks. This amendment will grant Ms. Breaux an additional two weeks of visitation, to be exercised in the month of August, during Nathaniel's summer vacation.

DECREE
For the foregoing reasons, the Joint Custody Plan incorporated into the judgment of the trial court is hereby amended to add an additional two weeks of visitation in the month of August for Ms. Breaux. Costs of this appeal are to be borne equally between Mr. Ellinwood and Ms. Breaux.
AMENDED AND, AS AMENDED, AFFIRMED.