FRED W. JONES, Jr., Judge.
David Pacheco and Tracie Pacheco were married in 1975 and divorced in 1979. Custody of their minor daughter, Jennifer (born in 1975), was awarded to the mother along with $150 per month in child support. The father was granted, and did exercise, liberal visitation rights.
In August 1984, the mother’s employer transferred her from the Shreveport area to Dallas. The father, a resident of Shreveport, was now required to make a 400 mile round trip to see his daughter. In January 1985, he filed this rule for joint custody, asserting it was in the child’s best interest. He alleged generally that the mother failed to spend meaningful time with Jennifer and failed to maintain a proper home environment, as well as neglecting the child’s attendance in school and exhibiting “unstable and volatile conduct in her personal relationships that is adverse to Jennifer’s safety, welfare and best interests.” After a hearing the trial court granted the father’s request for joint custody and made him the domiciliary parent. The mother was granted physical custody of the child for nine consecutive weeks during the summer vacation; visitation rights every other weekend during the custodial parent’s period of physical custody; and visitation rights during specified holidays and other designated days.
The mother appealed, contending the trial judge erred in three respects: awarding joint custody based upon the mother’s moral unfitness, failing to consider the mother’s tenure as sole custodian for six of the child’s nine years and the desirability of maintaining continuity, and failing to consider the excellent home, school and community record which the child had compiled during the mother’s tenure as sole custodian.
Louisiana Civil Code Article 157 provides that changes in child custody, after an original award, are to be made in accordance with La.C.C. Article 146. The latter article stipulates that custody awards shall always be predicated upon the best interest of the child. Further, it establishes an order of preference for custody awards, but states there “shall be a rebuttable presumption that joint custody is in the best interest of a minor child.” Article 146 C.
The burden of proving that joint custody is not in the best interest of the child is upon the party seeking sole custody. Article 146 A(2); Turner v. Turner, 455 So.2d 1374 (La.1984); Roberts v. Roberts, 460 So.2d 1151 (La.App.2d Cir.1984).
In brief and in oral argument the mother does not make a case against the joint custody award; she contests only the fact that the father was named domiciliary parent under the plan and argues the trial judge made his decision based upon her moral unfitness and failed to consider the desirability of continuity in the child’s life as well as the child’s good school and civic record compiled while in the sole custody of the mother. In designating a domiciliary parent, consideration must be given to the eleven factors listed in Article 146 C(2) and any other deemed relevant by the trial court. Turner, supra; Black v. Black, 460 So.2d 1175 (La.App.2d Cir.1984).
Evidence regarding these eleven factors, as well as the various good and bad points of both mother and father, was presented at trial. The evidence presented at trial may be summarized as follows: the mother admitted she had sexual relationships with five men at her residence in the past six years, and that her fiance had spent the night in the house approximately every one and one-half months for this same period. The daughter was present when the fiance spent the night, but she was never present when other men were at the house overnight. The mother admitted being slapped by her fiance on at least two occasions, *1100 causing her lip to bleed, and she admitted breaking three windows in his apartment during an argument. The mother testified this had occurred several years before. There was conflicting testimony regarding the type of housekeeping and amount of cooking done by the mother. There were allegations that the father beat the mother during the course of their marriage, but he denied this. The father testified he worked from 7:00 a.m. until 3:00 p.m. weekdays and had every weekend free to spend with his daughter. At his house she would have her own bedroom and share the bathroom. The mother testified she now had “normal” working hours during the week, but had only one weekend a month free. The daughter has her own bedroom and bath at her mother’s. The mother admitted she was dipping into savings to meet her monthly expenses. Finally, the record indicates Jennifer is on the honor roll at school and is involved with the Girl Scouts.
The trial judge summarized this evidence in his reasons for decision and concluded that the mother’s home was “not the proper place to raise a nine year old girl.” He did not elaborate on the eleven factors in any order so we turn to that task. In reviewing these factors for consideration, we find that the evidence supports the decision to make the father the domiciliary parent: (a) Love/affection — There is love and affection between the child and both her parents; (b) Religion —The father takes the child to Mass, the mother admits she has one free weekend per month and has not taken the child to church; (c) Capacity to provide material needs — The mother admits to dipping into savings to meet her monthly expenses; (d) Continuity — The child has lived with her mother since the divorce, but the mother seeks to change the physical environment (same house in Shreveport) which the child has lived in since birth; (e) Stability of the environment —The father’s home (vis-a-vis employment) appears stable while the mother admits that after her impending remarriage the family may move almost anywhere depending on her new husband’s job; (f) Moral fitness —There were no allegations of moral unfitness on the father’s part and the mother stressed the discretion she used in her romantic relationships; (g) Mental/physical health —There was no evidence regarding the mental or physical health of either party; (h) Home/school/community record of the child —The child was on the honor roll and involved in Girl Scouts. The maternal grandparents testified she was well-mannered; (i) Child’s preference — There was no evidence regarding the child’s preference, although she was nine years old at the time of trial; (j) Willingness to work with other parent — The mother initially facilitated visitation by the father. However, with the move to Dallas, the father must now travel 400 miles round trip to see his daughter. On the other hand, the mother is now reduced generally to seeing the child on the mother’s one free weekend a month, in addition to summer vacation and holidays.
None of the above factors is sufficient alone to be the basis of a domiciliary parent decision. However, taking them as a whole, we conclude, as did the trial judge, that the best interest of the child rests in making her permanent domicile with her father in Shreveport.
In summary, we agree with the trial court that it would be in the best interest of the child to leave her with a single, stable parent, in the same general environment in which the child had lived all her life, rather than place primary physical custody with a mother who was engaged in stormy, romantic liasons with various men and who was moving the daughter to a new environment some 200 miles away.
We are required to give great weight to the trial court’s decision and it should not be overturned in the absence of a dear abuse of discretion. Arceneaux v. Dominque, 365 So.2d 1330 (La.1979). We find no abuse of discretion and we therefore affirm the judgment of the trial court, at appellant’s cost.
SEXTON, J., concurs.