540 So.2d 1013 (1989)
Cindy Jarrett WILLIAMS, Appellant,
v.
Dale Lee WILLIAMS, Appellee.
No. 20311-CA.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1989.
*1014 Sockrider, Bolin, Nader & Anglin by D. Rex Anglin, Shreveport, for appellant.
James B. Wells & Associates by James B. Wells, and W. Charles Brown, Bossier City, for appellee.
Before HALL, FRED W. JONES, Jr. and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
Judgment was rendered granting the husband a divorce, awarding the parents joint custody of the two children, and designating the father as domiciliary custodian. The mother appealed from that portion of the judgment naming the father as domiciliary custodian.
For the following reasons, we affirm the judgment but remand for implementation of the joint custody plan.
Cynthia and Dale Williams were married in 1973. Two children were born during the marriage, a son and a daughter. In late 1984 or early 1985, Ms. Williams became involved with a fellow employee. Williams wanted to save his marriage and the couple entered into extensive counseling, to no avail.
When Ms. Williams left the matrimonial domicile in January 1987, she took her 8 year-old daughter with her to her parents' home. Fourteen year-old Beau wanted to remain in the matrimonial home with his father and he was allowed to do so. The father demanded time with his daughter, and an out-of-court agreement was made between the parties where the parents alternated the physical custody of the minor daughter every two weeks.
At the time Ms. Williams filed for legal separation, she requested joint custody of the children with the father being the custodial *1015 parent of the son, Beau, and with the mother being the custodial parent of the daughter, Kristi. She asked the court to continue the existing plan of alternating the physical custody of the daughter between her mother and father every two weeks. Since the parties lived within one mile of each other and in the same school district, the alternating physical custody was not disruptive to the minor child.
Between the physical separation and the filing for a legal separation, the parties effectively shared the physical custody of Kristi. After Ms. Williams filed for a legal separation, the father terminated the mother's access to her children.
Ms. Williams supplemented her suit for separation where she sought joint custody and requested sole custody of the minor children since she felt Williams' hostility and repeated attempts to alienate her children from her would make joint custody unworkable. Further, Ms. Williams alleged in her supplemental pleadings that Williams was bitter, used the children to hurt her and vent his frustration, and was unwilling to communicate or cooperate in good faith for the children's best interests.
Williams reconvened for divorce on the grounds of adultery, and requested that he be granted the sole custody of both children. He obtained the divorce on the ground of adultery. On September 10, 1987, an order was filed appointing Dr. Donita Gothard to perform a custody evaluation in connection with the pending custody proceeding.
Dr. Gothard testified at the custody hearing that Williams had a low self-esteem, was extremely defensive, had a negative opinion of Ms. Williams, and was critical of his former wife to his children. Ms. Williams was described as open, forthright, outgoing, and stringent with herself. Dr. Gothard found that Ms. Williams did not try to demean her former husband and would be most likely to be able to compromise in difficult situations.
Both Dr. Gothard and the trial judge noted the daughter had been coached or influenced by her father or other adults in her statements concerning her mother's leaving the marriage and where she wanted to live.
Dr. Gothard recommended that Beau, who had adopted some of his father's hostilities toward his mother, remain with his father and Kristi live with her mother, especially in light of her sex and age.
The trial judge granted the parents joint custody and, contrary to the testimony of the expert, made the father the domiciliary parent of both children solely to avoid separating the children. Stating that the only stable relationship in Kristi's life was her close relationship with her brother, the trial court reasoned it would be more detrimental to the children to be separated than for Kristi to live outside the home of her mother.
The trial judge did not require joint custody plans for either child from either parent, nor did he provide a plan for each child to spend meaningful time with their mother. He admonished both parents against attempting to turn either child against the other parent and directed them to arrive at a workable full access visitation program with their mother where Kristi could be with her mother whenever she wanted to be.
Ms. Williams appealed from the portion of the judgment awarding the domiciliary custody of the children to Williams, and seeks to be named the custodial parent for two reasons: the hostility and animosity of the father toward the mother adversely affects the daughter; and, it is in the best interest of the daughter, Kristi, because of her age and sex, to be domiciled with her mother.
The father claims the judge has made his decision within his wide discretion and absent a finding the trial court was manifestly erroneous, the judgment cannot be changed.
There is a rebuttable presumption in Louisiana law that joint custody is in the best interest of the minor children of a marriage. The parent opposing joint custody has the burden of proving joint custody is not in the best interest of the children. Pacheco v. Pacheco, 486 So.2d 1098 (La. *1016 App. 2d Cir.1986). Neither parent carried this burden of proof.
Initially, both parents requested joint custody; the trial judge awarded joint custody.
Ms. Williams had supplemented her original custodial request and asked for sole custody of the minor daughter since her husband's bitterness toward her interfered with her relationship with her children. The record supports her contentions that Williams was hostile and uncooperative, but the trial judge chose to name him the domiciliary parent of both children since placing the son with his mother was not a recommended option and he did not want the brother and sister separated.
Recognizing his lack of cooperation in the past, the judge clearly mandated that Williams must encourage his children to see their mother and that the daughter must be allowed to see her "whenever she wanted to". This decree was handed down without a joint custody implementation plan to ensure Ms. Williams would have established times with her children.
Williams testified that he had to remind his children to contact their mother since they often became busy with their everyday activities and forgot to contact her. However, he showed no real interest or effort in promoting a relationship between his children and their mother.
The decision of the trial judge is afforded great weight in child custody matters. Foy v. Foy, 505 So.2d 850 (La.App. 2d Cir.1987); Pacheco v. Pacheco, supra. Absent a showing the trial judge was clearly wrong, we cannot change the award of joint custody or the father's being named domiciliary parent of both children. The record does not support a finding the trial judge was clearly wrong.
However, the statute and the jurisprudence clearly require a joint custody plan that will provide Ms. Williams with meaningful time with both of her children.
La.C.C. Art. 146 provides in part:
A. (1) ... A plan of implementation shall allocate the time periods each parent shall enjoy physical custody of the children and the legal authority, privileges and responsibilities of the parents. (emphasis added)
The code further states where joint custody is awarded to the parents of the minor children, the court shall, unless waived for good cause shown, require the parents to submit a plan for implementation of the joint custody order. La.C.C. Art. 146 A(1); Yamayans v. Yamayans, 490 So.2d 371 (La.App. 1st Cir.1986).
This court, in Foy, supra, and Carroway v. Carroway, 441 So.2d 494 (La.App. 2d Cir.1983), on appeal after remand 475 So.2d 48 (La.App. 2d Cir.1985), remanded two cases where the trial court failed to implement a meaningful joint custody plan. In Carroway the father was granted approximately 83 days of physical custody during a calendar year. This court reversed and remanded the case to the trial court holding the father was denied frequent and continuing physical contact with his child, and instructed the trial court to fashion a more meaningful joint custody plan.
In the instant case, given the past uncooperative behavior of Williams, the ambiguous statement that the daughter can see her mother whenever "she wants to", and the lack of any provisions for the mother to spend time with the son, there must be a meaningful implementation plan.
As pointed out in Carroway, supra, 441 So.2d at 496, joint custody means a physical sharing of the child in addition to both parents' participation in decisions affecting the child's life.
When the court finds that a decree of joint custody is in the best interest of the child, it does not necessarily require an equal sharing of physical custody. Hickman v. Hickman, 459 So.2d 140 (La.App. 2d Cir.1984). Substantial time rather than strict equality of time is mandated by the legislative scheme providing for joint custody of children. Carroway v. Carroway, 475 So.2d 48 (La.App. 2d Cir.1985). But in appropriate situations, equal sharing may be in the best interest of the child. Hickman, supra.
For the daughter, a 50-50 sharing plan, that was in effect and working well at one *1017 time, is feasible and supported by the expert's testimony that the daughter, in light of her age and sex, needs to be with her mother. A 50-50 sharing of custody has been found to be in the best interest of the child in cases where the custody plan did not require the children to change schools each semester. Brooks v. Brooks, 469 So. 2d 398 (La.App. 3d Cir.1985); Black v. Black, 460 So.2d 1175 (La.App. 2d Cir. 1984), writ denied 463 So.2d 1318 (La.1985); and Roberts v. Roberts, 460 So.2d 1151 (La.App. 2d Cir.1984). (In Brooks and Black, each court specifically mentioned, in upholding the plan, that the 50-50 sharing did not require a change of schools.)
Conclusion
The trial judge was not clearly wrong in granting the parties joint custody of the two minor children nor in naming the father the domiciliary parent for the reasons stated. However, the code requires an implementation plan, and the jurisprudence has interpreted this to mean a plan providing substantial, while not always equal, physical custody for the non-domiciliary parent.
For these reasons, we AFFIRM the judgment of the trial court, but REMAND the case to the trial court for implementation of the joint custody plan. Cost of appeal is assessed equally to the parties.