725 So.2d 558 (1998)
Norcum J. RAUCH, Jr.
v.
Julie Fontenot RAUCH.
No. 98-CA-730
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1998.
*559 Robert S. Toale, Gretna, Louisiana, Attorney For Appellant
Elizabeth O. Rome, Metairie, Louisiana, Attorney For Appellee.
J. Costa Blanco, Kenner, Louisiana, Attorney For Appellee.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and MARION F. EDWARDS.
EDWARDS, Judge.
Appellant Norcum J. Rauch Jr. appeals a judgment of the district court awarding attorney fees and costs in favor of appellee Julie Fontenot Rauch. For the following reasons we affirm in part and reverse in part.
Mr. and Mrs. Rauch were divorced in March of 1995. The parties agreed to share joint custody of the only child of the marriage, Rachel, born in 1993; Mrs. Rauch was the primary custodial parent. Various actions *560 took place between the parties, notably rules for contempt filed by Mrs. Rauch for failure of her former husband to pay child support. In February, 1997, appellant filed a rule to change custody, alleging that Rachel had been sexually abused while under the care of her mother. The perpetrator of the alleged abuse was the boyfriend of appellee's sister, and it was alleged that Mrs. Rauch had failed to protect her daughter. Included in the rule was a request to have the parties evaluated by a psychologist.
The matter was set for trial and continued twice by appellee's counsel. According to the minutes in the appellate record, the rule for change of custody was set to be heard at the same time as a rule for contempt on the child support order. On the day of trial, appellant dismissed his rule for custody with prejudice; the court ordered appellant to pay the expert witness fees of $300.00, and further ordered Mrs. Rauch to file any motion to tax costs and attorney fees within seven days. The rule for contempt was granted, and appellant was further ordered to pay attorney fees (on that contempt rule) in the amount of $500.00.
On November 20, 1997, Mrs. Rauch filed her rule to tax costs and attorney fees, and the trial court granted an ex parte order granting such fees. On December 15, 1997, the trial court vacated that order and set the matter for hearing. Following trial, the court took the matter under advisement and subsequently rendered judgment in favor of Mrs. Rauch, ordering appellant to pay attorney fees to Ms. Elizabeth Rome, who represented her in the custody proceedings, in the amount of $4110.75 plus costs in the amount of $911.75. He was additionally ordered to pay attorney fees to Mr. Jose Costa-Blanca, who assisted Ms. Rome and was appellee's co-counsel, in the amount of $1800.00.
It is from this judgment which Mr. Rauch has appealed. Mr. Rauch urges that there is no basis for the award of attorney fees in custody matters, in the absence of statutory authority.
La.Code Civ. Pro. art.1920 states:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
It is well settled that a party may only recover attorney's fees if provided for by contract or statute. General Motors Acceptance Corp. v. Meyers, 385 So.2d 245 (La. 1980); Rivnor Properties v. Herbert O'Donnell, Inc., 92-1103 (La.App. 5th Cir. 1/12/94), 633 So.2d 735. (This is sometimes called the "American Rule".) As appellant points out, there are several statutes which specifically provide for the award of attorney fees in domestic cases. La. R.S. 9:375 permits the assessment of such fees in an action to make past due support executory, and in actions to enforce child visitation. La. R.S. 13:1704 provides for the payment of attorney fees in a custody proceeding when a party resides outside of the state. See also La. R.S. 13:1714. Customarily, attorney fees are awarded in domestic proceedings which involve multiple actions, such as custody combined with child support or divorce matters. There are however no corresponding statutes or codal articles which permit the assessment of attorney fees in cases involving only change of custody. The Fourth Circuit, in Sutterfield v. Sutterfield, 354 So.2d 707 (La. App. 4th Cir.1978), stated
We find it significant that no attorney's fees were statutorily provided for in custody cases. This legislative omission is supportive of our conclusion that attorney's fees are not recoverable in our case.
That legislative omission still exists, and is likewise supportive of our conclusions herein.
Appellee cites us to Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). In that case the United States Supreme Court found that while the "American Rule" prohibits fee shifting in most cases there are three exceptions: (1) in favor of a party whose litigation efforts directly benefit others; (2) as a sanction for the willful disobedience of a court order; and (3) when a party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. Mrs. Rauch contends that appellant acted in bad faith by pursuing the change of custody rule *561 after he knew it was meritless. She urges that following receipt of the evaluation of the court appointed examiner recommending that Mrs. Rauch remain as primary physical custodian, Mr. Rauch should have dismissed his rule as a "lost cause". Appellee further notes that she requests only those fees which were expended after the issuance of that report.
Because the trial court did not assign reasons for judgment, we are unable to discern his reasons for awarding the attorney fees. However, even assuming that Chambers, supra, applies to the instant situation, the record on appeal does not support a finding "bad faith" to be present in the case before us.
Appellant filed his rule alleging a serious matter of child sexual abuse, requesting an evaluation of all parties. He stated at the hearing on this rule that his daughter had told him of the incident. The subsequent reports of the evaluations were not made part of the appellate record; however, it does not appear to be in dispute that the examiners found the statements made by the child to be unsubstantiated.[1] The fact that Mr. Rauch continued to pursue the rule, or that he did not dismiss the matter earlier, does not, at least based on the record before us, compel a conclusion that he acted in bad faith. Mr. Rauch testified that following receipt of the reports, he told his wife that he wanted to "work it out". He did not state that he did not believe the incidents took place, only that he felt the evaluations were unfair and incomplete. Mrs. Rauch told him she would get back to him after talking to her own attorneys, and that he assumed the matter would soon be settled. Mrs. Rauch also testified that by July, appellant "said he wanted to stop, and he wants to settle everything and leave everything as it is"; she too was ready to settle. Ms. Rome testified that settlement was discussed sometime in September; however, it appears that the matter was tied in with the issue of past due child support which was, in Ms. Rome's words, "really driving this case ... on both sides."
In summary, it appears that fairly early in the proceedings, the parties were ready to forego continuing the rule for custody, but that because it was intricately bound up with support matters, the parties (through their attorneys) were unable to agree. It appears that both parties had something to lose or gain in pursuing the support rule, which was "driving" the custody matter.
Furthermore, we do not find that pursuit of the custody rule was in bad faith because of the likelihood that appellant would lose. We cannot ascribe bad faith to a litigant merely because he does not appear to have a strong case; bad faith in these circumstances requires a further showing of as the Supreme Court indicated, acting "vexatiously, wantonly or for oppressive reasons." Chambers, supra. As the father of the child, appellant was entitled to seek custody, particularly given the allegations involved. On the record before us, we cannot find that Mr. Rauch continued his action solely to burden the appellee. In this context, we cannot impute bad faith to Mr. Rauch in dismissing the custody rule so late in the proceedings. Failing to find a contractual, statutory or jurisprudential basis for attorney fees in the present case, we must reverse that portion of the judgment awarding them.
However, Code Civ. Pro. art.1920, supra, does permit the court to assess costs as it considers equitable. A trial court's assessment of costs can be disturbed only upon a showing of an abuse of discretion. Palomo v. LeBlanc Hyundai Partnership, 95-278 (La.App. 5th Cir. 10/31/95), 665 So.2d 414, writ denied 96-0399 (La.2/22/96), 669 So.2d 1214. Although in the present case, the rule was dismissed and appellant was not cast in judgment, we see no abuse of discretion. The prevailing party is not taxed with costs unless in some way he incurred additional costs pointlessly or engaged in other conduct which justified an assessment of costs against that litigant. Brown v. General Motors Corp., 95-245 (La.App. 5th Cir. 10/18/95), 662 So.2d 531, writ denied 95-3034 (La.2/16/96), 667 So.2d 1055.
*562 For the foregoing reasons, the judgment awarding attorney fees in the amount of $4110.75 for Ms. Rome, and in the amount of $1800.00 for Mr. Costa-Blanco, is reversed. The judgment as it awards costs is affirmed. The costs of this appeal are taxed equally between both parties.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] No one argues, at least to this court, that the child did not make the allegations to begin with.