765 So.2d 1210 (2000)
Ivan Robert WASHKOW, Jr., Plaintiff-Appellee,
v.
Laura E. Schrader WASHKOW, Defendant-Appellant.
No. 33,965-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 2000.
*1211 Sockrider, Bolin, Anglin, Batte, & Bowers by Gary A. Bowers, Shreveport, Counsel for Appellant.
Kammer & Huckabay By Pugh T. Huckabay, III, Shreveport, Counsel for Appellee.
Before GASKINS, PEATROSS and KOSTELKA, JJ.
PEATROSS, J.
Defendant, Laura Washkow, who now resides in St. Mary's, Georgia, appeals the judgment of the trial court awarding sole custody of her two children to their father, Plaintiff, Ivan Washkow. For the reasons stated herein, we reverse the judgment in part and affirm in part.

FACTS AND PROCEDURAL HISTORY
Mr. and Mrs. Washkow were married in Pennsylvania on May 6, 1989. Sometime between 1990 and 1991, the parties moved to St. Mary's, Georgia, where Mr. Washkow was stationed with the U.S. Navy. Two children were born of the marriage; namely, Anastasia Elizavet, born July 18, 1995, and Nikolai Ivanovich, born October 25, 1998.
Mr. and Mrs. Washkow moved to Shreveport in September 1998, when Mr. Washkow was transferred from his previous military station in Georgia. Marital discord ensued and, with Mr. Washkow's help, Mrs. Washkow moved back to Georgia in January 1999. Prior to this move, the couple agreed in writing that the children would reside near Bridgeport, Washington with Mr. Washkow's mother until Mrs. Washkow was able to get settled in Georgia, at which time she would again have physical custody of both children.
After assisting Mrs. Washkow with her move to Georgia, Mr. Washkow brought Amy Carlisle, a friend of Mr. and Mrs. Washkow, and her two children with him from Georgia to Shreveport. Ms. Carlisle's former husband was stationed with Mr. Washkow in Georgia and testimony indicates that the couples were very good friends. Ms. Carlisle testified, however, that her former husband had become abusive and the couple had recently divorced.
When they arrived in Shreveport, Ms. Carlisle and her children resided with Mr. Washkow and his children in Mr. Washkow's home. Both Mr. Washkow and Ms. Carlisle testified that the living arrangement was a matter of convenience and that there was no romantic relationship between them. As Ms. Carlisle stated, "I had the furnishings of a home with no home and [Mr. Washkow] had a home with no furnishings...."
Ms. Carlisle testified that she supported herself financially with the Transactional Compensation she received from the U.S. Navy as a result of her former husband's abuse and she received child support directly from her former husband. Mr. Washkow testified that he affords Ms. Carlisle room and board free of charge in exchange for her help in taking care of his children, cooking and cleaning.
On February 12, 1999, Mr. Washkow filed a petition for divorce from Mrs. Washkow, which included a demand for sole custody of their two children. Mr. Washkow obtained the children from his mother's home in Washington in March 1999, but refused to give them over to Mrs. Washkow despite his prior agreement with Mrs. Washkow.
On August 17, 1999, an interim order of custody was entered; and Dr. Webb Sentell, a mental health professional, was appointed by the trial court to perform an evaluation of the parties and render a report of his findings. Approximately three weeks prior to trial, which was set for October 21, 1999, Mrs. Washkow returned to Shreveport for her evaluation with Dr. Sentell. Mrs. Washkow arranged for visitation with the children while she was in town. After some difficulty and arguing *1212 on the part of the parties, Mrs. Washkow was allowed to have the children for the majority of the weekend.
After the trial of this matter, a ruling was made from the bench granting judgment in favor of Mr. Washkow, awarding him sole custody of the children. Mrs. Washkow was awarded visitation privileges, to be taken on any weekend from 6:00 p.m. Friday to 6:00 p.m. Sunday, exercised in either Caddo or Bossier Parish, with two weeks notice before the chosen weekend. In addition, Mrs. Washkow had visitation rights with the children in Georgia from December 20 to December 27 in odd numbered years and three weeks during the summer. Finally, Mrs. Washkow was permitted telephone calls to the children on Monday, Wednesday, Friday and Sunday of each week from 7:00 p.m. to 7:15 p.m. Mr. Washkow was assessed the responsibility of providing transportation for the children on those occasions in which they were to travel to Georgia for visitation. Mr. Washkow was also awarded $200 per month in child support.

DISCUSSION
Defendant's Assignment of Error No. One: The trial court committed reversible error in rendering an award of sole custody of the minor children to Mr. Washkow rather than joint custody where the record is devoid of any clear and convincing evidence that an award of sole custody is in the best interest of the children as would be mandated by La. C.C. art. 132.
Defendant's Assignment of Error No. Two: The trial court committed reversible error in failing to award joint custody of the minor children to both parents and in failing to designate Mrs. Washkow as domiciliary parent.
Regarding Mrs. Washkow's first assignment of error, La. C.C. art. 132 states, in pertinent part:
In the absence of agreement, or if the agreement is not in the best interest of the child, the court shall award custody to the parents jointly; however, if custody in one parent is shown by clear and convincing evidence to serve the best interest of the child, the court shall award custody to that parent.
Pursuant to La. C.C. art. 132, Mr. Washkow must prove by clear and convincing evidence that sole custody, as opposed to joint custody, is in the best interest of the children. In order to prove a matter by "clear and convincing evidence," a party must demonstrate that the existence of a disputed factin this instance, that sole custody is preferableis highly probable or much more probable than its nonexistence. Johnson v. Breck Construction Co., 32,311 (La.App.2d Cir.9/22/99), 743 So.2d 296. We find Mr. Washkow failed to carry this burden.
In his report, Dr. Sentell stated that either parent is capable of serving as domiciliary parent. This indicates not only that, in his opinion, Dr. Sentell found joint custody to be in the children's best interest, but that he believed either parent capable of parenting these children. Further, Mr. Washkow's own testimony was that he did not see how the children could be properly raised without their mother. Finally, while the geographical distance between the respective parties is a factor in determining whether sole or joint custody is in the best interest of the children, a parent's choice to leave Louisiana should not, in and of itself, constitute a sufficient reason to institute a sole custody arrangement. Evans v. Lungrin, 97-0541, 97-0577 (La.2/6/98), 708 So.2d 731
We acknowledge that the trial court's decision in child custody matters is entitled to great weight and it will not be overturned absent a showing of manifest error or abuse of discretion. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986); Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972); Waits v. Waits, 556 So.2d 215 (La.App. 2d Cir.1990); Pacheco v. Pacheco, 486 So.2d 1098 (La.App. 2d Cir.1986). The best interest of the children, however, is the paramount consideration in any determination of child custody. La. C.C. art. 131; Evans, *1213 supra; Oglesby v. Oglesby, 25,974 (La.App.2d Cir.8/17/94), 641 So.2d 1027. On this record, we do not find that Mr. Washkow showed, by clear and convincing evidence, that an award of sole custody to him would be in the best interest of the children. The judgment awarding sole custody to Mr. Washkow is, therefore, reversed. We award joint custody of the children to Mr. and Mrs. Washkow.
It is apparent from the record that there is some animosity between the parties. We, therefore, quote the supreme court in its definition of the meaning of joint custody, in the case of Evans, supra, as guidance for the parties:
The term "custody" is usually broken down into two components: physical or "actual" custody and legal custody. The typical joint custody plan will allocate time periods for physical custody between parents so as to promote a sharing of the care and custody of the child in such a way as to ensure the child of frequent and continuing contact with both parents. Legal custody, by contrast, has previously been defined as "the right or authority of a parent or parents, to make decisions concerning the child's upbringing." Pursuant to this definition, both parents remained legal custodians of the child regardless of which parent had physical custody of the child at a given time under the typical joint custody plan. Joint legal custody thus involved a sharing of the responsibilities concerning the child including decisions about education, medical care, discipline and other matters relating to the upbringing of the child. (Citations omitted.)
Having decided that the best interest of the children would be optimally served in a joint custody arrangement, we must now address the issue concerning domiciliary parent. In this regard, we find no error in the trial court's conclusion that the children should reside primarily with Mr. Washkow. Continuity and stability of environment are important factors to consider in determining what is in these children's best interest. Cooper v. Cooper, 579 So.2d 1159 (La.App. 2d Cir.1991). The record reflects that Mr. Washkow is very capable of providing such an environment and we will not disturb the trial court's finding in that regard. Mr. Washkow is hereby designated domiciliary parent of both children.
Defendant's Assignment of Error No. Three: The trial court committed reversible error in awarding only minimal visitation/physical custody to Mrs. Washkow and the amount awarded to Mrs. Washkow, which was as a practical matter only approximately 28 days, fails to assure frequent and continuing contact between these very young children and their mother as would be mandated by La. R.S. 9:355(A)(2)(a).
In addressing this assignment of error, we note that Mrs. Washkow has cited La. R.S. 9:355. Given the language quoted, we will assume that it was her intent to reference La. R.S. 9:335(A)(2)(a), which states, in regard to the joint custody implementation order, that:
The implementation order shall allocate the time periods during which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents.
Having awarded joint custody to the parties and designated Mr. Washkow as domiciliary parent, application of this statute is appropriate. Given that the trial court has outlined a plan of visitation which would be applicable to either the situation of sole or joint custody, we will review that judgment now in light of a joint custody award.
We find no merit in Mrs. Washkow's argument that she is only awarded essentially 28 days of visitation per year. In addition to three weeks in the summer, one week at Christmas in alternating years, as well as designated telephone visitation four days per week, the trial court awarded Mrs. Washkow the right to visit the children on any given weekend she so *1214 chooses, without limitation as to number. The only requirement is that Mrs. Washkow give Mr. Washkow two weeks notice and that the visitation take place in Caddo or Bossier Parish. Contrary to Mrs. Washkow's argument, therefore, she could conceivably exercise visitation for up to an additional 48 weekends or approximately 96 days, exclusive of the holidays and summer visitation already granted, totaling approximately 124 days. We find this to be adequate visitation to meet the requirements of, and foster the intent of, La. R.S. 9:335(A)(2)(a), to assure frequent and continuing contact with both parents given the distance between the parties.

DECREE
For the foregoing reasons, that portion of the judgment of the trial court awarding sole custody to Plaintiff, Ivan Washkow, is reversed. The parties are awarded joint custody of the children with Plaintiff, Ivan Washkow, being designated the domiciliary parent. The remainder of the judgment is affirmed. Costs are divided equally between Defendant, Laura Washkow and Plaintiff, Ivan Washkow.
REVERSED IN PART AND AFFIRMED IN PART.