I t GASKINS, J.
In this child custody matter, the father, Robert David Woodell, appeals from a trial court judgment which he feels does not adequately accommodate his work schedule. He also complains of the trial court assessing court costs to him when the mother, Deborah Stanley Woodell, was held in contempt. We affirm.
FACTS
The parties were married in 1984. Two children were born of the marriage: Brandi Patricia (DOB 11/12/88) and Daniel Alan (DOB 10/29/91). The parties separated in August 1998, and the mother filed for di *380 vorce that same month. She sought joint custody with herself as domiciliary parent. In his answer and reconventional demand, the father also requested joint custody. In November 1998, the parties entered into a consent judgment in which the mother was designated domiciliary parent under a joint custody plan. The father was awarded visitation on consecutive Tuesday and Wednesday evenings and consecutive weekend visitations. His Thanksgiving visitation was set for 10:00 a.m. on Thanksgiving Day until 10:00 a.m. Friday in even numbered years. The father was awarded from 10:00 a.m. Christmas Day until 10:00 a.m. on December 26 every year. The parties were divorced in May 1999.
In July 1999, the mother filed a rule for contempt, for arrearages and attorney fees, and for modification of the joint custody plan. Among other things, she sought to eliminate the weekday visitation and alleged an incident of physical abuse against her by the father in May 1999. The father answered and reconvened, seeking modification of the joint custody plan to | ¡¡accommodate his work schedule because, as an employee of UOP, his schedule rotated. (He has seven days straight off work 18 times per year.) He also sought to hold the mother in contempt for failure to allow the court-ordered visitation after the May 1999 incident. In August 2000, the mother filed an amended rule in which she further alleged that the father had made several profane and/or threatening statements to her or about her to the children, some of which were left on her answering machine.
All issues but the contempt and custody plan modification were settled prior to trial. Following trial on the rules in January 2001, the trial court signed a judgment which reduced the father’s child support to $941.45 per month, or $434.52 biweekly, and granted an income assignment order against the father. Both parents were ordered to attend a parenting skills class and an anger management class. The mother was ordered to supply the father with a schedule of the children’s extracurricular activities. Both were held in contempt and ordered to serve time in jail.
The court also declined the father’s request that his periods of custody be changed to coincide with his employment schedule. On the issue of physical custody, the court declined the mother’s request to rescind the father’s right to custody on consecutive Tuesday and Wednesday evenings. The court expanded the father’s visitation; in the situation where the children are out of school on Wednesday, Tuesday visitation could be overnight. The court also limited weekend visitations to apply only from August 15 to May 31 each year. However, the court added that when the father has physical custody on the weekends and Monday is a non-school |,.¡day, instead of returning the children Monday morning, he may return them Tuesday morning. Additionally, if the father is to return the children on Sunday under the current order, but Monday is a holiday, he may return them on Monday evening. The father was awarded five weeks of seven days during the summer. As to Thanksgiving, the court established two periods: “A” which extends from 5:00 p.m. the day the children get out of school to 5:00 p.m. Thanksgiving day, and “B” which extends from 5:00 p.m. Thanksgiving Day until 5:00 p.m. Sunday. The court ordered the parties to alternate these periods with the father having period “A” in odd numbered years and “B” in even numbered years. Likewise, the court established two periods for Christmas visitation: “A” from 5:00 p.m. the day the children get out of school to 10:00 a.m. Christmas Day and “B” from 10:00 a.m. Christmas Day to 5:00 p.m. on January 1. The father was awarded period “B” every year. The *381 father was awarded Father’s Day and the mother was given Mother’s Day. As to Easter/Spring Break, the mother was awarded odd-numbered years and the father even-numbered years.
The parties were ordered to continue exchanging the children at the home of the maternal grandmother. The mother was ordered to not be outside during the exchange and the father was ordered to remain in the vicinity of his vehicle.
The court ordered each party to be responsible for his or her own attorney fees and cast each with one-half court costs.
The father appeals in proper person.
| MODIFICATION OF CUSTODY PLAN

Laiv

On appellate review, the determination of the trial court in establishing or modifying custody is entitled to great weight and will not be disturbed absent a clear showing of an abuse of discretion. Ellinwood v. Breaux, 32,730 (La.App.2d Cir.3/1/00), 753 So.2d 977.
When the court finds that a decree of joint custody is in the best interest of the child, it does not necessarily require an equal sharing of physical custody. Williams v. Williams, 540 So.2d 1013 (La.App. 2d Cir.1989); Hickman v. Hickman, 459 So.2d 140 (La.App. 2d Cir.1984). Substantial time, rather than strict equality of time, is mandated by the legislative scheme providing for joint custody of children. Nichols v. Nichols, 32,219 (La.App.2d Cir.9/22/99), 747 So.2d 120.
Every child custody case must be viewed on its own peculiar set of facts and the relationships involved, with the paramount goal of reaching a decision which is in the best interest of the child. Hickman, supra. Each case will depend on the child’s age, the parents’ situations, and other factors relevant to a particular child custody dispute. Nichols, supra; Brazan v. Brazan, 93-2369 (La.App. 1st Cir.6/24/94), 638 So.2d 1176.

Discussion

The father complains that the trial court refused to modify the custody schedule to correlate to his work schedule. Since a co-worker was awarded a visitation schedule accommodating his work schedule, the father believes that he should likewise receive the same. He complains that the trial |scourt’s new schedule discriminates against him and his work schedule and does not amount to equal sharing of the children’s physical custody. He contends that several provisions, including the Easter/Spring Break section, are not workable and should be omitted.
The mother argues that joint custody does not necessarily require an equal sharing of physical custody; substantial time, rather than strict equality of time, being mandated by the legislative scheme. She contends that the new schedule actually increases his time with the children.
The trial court found that the custody schedule the father requested would be “totally chaotic” for the children, as it would essentially call for “[tjhree days here and three days over there.” Additionally, the court considered the communication problems between the parents and the fact that the present custody arrangement had been working for the last two years.
As to the father’s contention that his visitation rights should be modified because a co-worker got the sort of custody plan he wanted, the trial court rejected that argument on the basis that the present case should be decided on its own facts. We note that in that co-worker’s *382 case, Tatum v. Tatum, 33,118 (La.App.2d Cir.5/15/00), 794 So.2d 854, the parents apparently had fewer problems and better communication than the litigants in the present case. Additionally, the Tatum opinion does not reflect any physical altercations between the parents.
| fiThe trial court’s decision is entitled to great weight. Our review of the record reveals no abuse of discretion. Consequently, we will not disturb it.
COURTS COSTS AND ATTORNEY FEES
As to court costs, the father argues that since the mother was held in contempt for withholding visitation, he should have been awarded attorney fees. He asks that costs and attorney fees be awarded against the mother. However, the mother points out that both parents were held in contempt and that the court ordered that each be responsible for their respective attorney fees.
La. R.S. 9:375 states, in pertinent part: B. When the court renders judgment in an action to enforce child visitation rights it shall, except for good cause shown, award attorney’s fees and costs to the prevailing party.
In the instant case, the trial court found sufficient fault on the part of both parents to sentence each of them to two weekends in jail. While the mother “played games with his visitation,” the father was also guilty of misconduct toward her, as demonstrated by his conviction for disturbing the peace in relation to a violent physical encounter while picking up the children.
Based upon the facts of this case, we find that the trial court had good cause for its ruling that each party should bear their own attorney fees and one-half of court costs. Under these circumstances, equity demands that each party bear the cost of their own legal representation. Tatum, supra.
^CONCLUSION
The trial court judgment is affirmed. Costs of this appeal are assessed against the appellant, Robert David Woodell.
AFFIRMED.