827 So.2d 1205 (2002)
Timothy Lane HODNETT, Plaintiff-Appellee,
v.
Amber Lynette Boykin HODNETT, Defendant-Appellant.
No. 36,532-CA.
Court of Appeal of Louisiana, Second Circuit.
September 18, 2002.
*1206 McLeod Verlander, by Laurie J. Burkett, Monroe, for Appellant.
Charles R. Joiner, Monroe, for Appellee.
Before GASKINS, PEATROSS and KOSTELKA, JJ.
GASKINS, J.
Amber Lynette Boykin Hodnett appeals from a trial court judgment which designated her husband, Timothy Lane Hodnett, as the domiciliary parent for their two children, failed to award her child support or interim periodic spousal support, and assessed all costs against her. We affirm.

*1207 FACTS
Amber and Timothy married in 1994. Timothy adopted Amber's son, Skylar (DOB 8/30/91). They also had a daughter, Kassie (DOB 10/17/96). Timothy filed a petition for divorce on October 27, 2000, alleging that they had separated on October 20, 2000. He sought designation as domiciliary parent under a joint custody plan. On February 2, 2001, Amber answered and reconvened. She requested that she be named domiciliary parent of the children. She also petitioned for child support and interim periodic spousal support.
Trial was held on April 2, August 1, and August 14, 2001. Witnesses for Timothy testified about Amber's excessive computer use and online friendships with other men which caused her to neglect her family. There was also testimony that she had taken nude photos of her husband and that they were placed on the internet. (Timothy testified that she put them on the internet without his knowledge while she claimed that he put them online to gain attention from other women.) Two of Timothy's teenage cousins testified that Amber had shown them how to access pornographic websites and that she had printed and/or downloaded pornography for them. Witnesses for Amber testified that Timothy had a bad temper, was violent, and had abused Skylar by slapping him and spraying him in the face with a water hose. Although Amber reported Timothy to the police for allegedly slapping Skylar, no charges had been filed and no investigation had been conducted by Child Protection Services following the report.
On August 16, 2001, the trial court awarded joint custody and designated Timothy as the domiciliary parent. In so ruling, the trial court applied the factors set forth in La. C.C. art. 134 and found that the majority were in Timothy's favor. The court found that Amber had a significant problem in caring for the children due to her computer addiction. As a result of this compulsion, she stayed online for numerous hours and neglected her children. The court found that Timothy, who was very involved in the youth activities at church, also did a large portion of the daily child care after he returned home from work.
The court also expressed great concern with Amber's lack of judgment in several areas, especially her actions in taking the children with her to a hotel to meet, in person, a man she had been communicating with online. Although the court concluded that Timothy had a temper, it found no credible evidence to support Amber's allegations that Timothy abused Skylar. To the contrary, the court expressed disbelief in the "coincidence" of Skylar volunteering the statement that his father beat him to a minister and a chance meeting shortly thereafter between Amber and that same minister during which she declared, without provocation, that Timothy was abusive. A factor contributing to this conclusion by the court was its own discussion with Skylar, the court specifically noting the boy's immaturity and extreme reticence. As to the nude photos, the court found that they were taken with Timothy's consent but placed on the internet by Amber.
Amber was given visitation under a joint custody plan which provided that she have the children every other weekend, plus after school until 7:30 p.m. on Mondays and Thursdays. The plan also established an alternating holiday schedule for the children, plus three two-week periods for summer visitation with Amber. Amber's claims for child support and spousal support were denied. Timothy was instructed to provide health insurance for the children. Amber was ordered to attend addictive *1208 disorder counseling. Timothy was ordered to attend anger management counseling with Dr. E.H. Baker; the court also directed that Skylar attend counseling with Dr. Baker. All court costs were assessed against Amber. Judgment was signed January 15, 2002.[1]
Amber appeals.

DOMICILIARY PARENT

Law
The primary consideration in rendering a child custody determination is always the best interest of the child. La. C.C. art. 131; McKinley v. McKinley, 25,365 (La. App.2d Cir.1/19/94), 631 So.2d 45.
La. C.C. art. 134 enumerates 12 nonexclusive factors relevant in determining the best interest of the child. They are:
(1) The love, affection, and other emotional ties between each party and the child.
(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(6) The moral fitness of each party, insofar as it affects the welfare of the child.
(7) The mental and physical health of each party.
(8) The home, school, and community history of the child.
(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.
(11) The distance between the respective residences of the parties.
(12) The responsibility for the care and rearing of the child previously exercised by each party.
The best interest of the child test under La. C.C. arts. 131 and 134 is a fact-intensive inquiry requiring the weighing and balancing of factors favoring or opposing custody in the competing parties on the basis of the evidence presented in each case. Warlick v. Warlick, 27,389 (La. App.2d Cir.9/29/95), 661 So.2d 706; Street v. May, 35,589 (La.App.2d Cir.12/5/01), 803 So.2d 312.
Every child custody case is to be viewed on its own peculiar set of facts and the relationships involved, with the paramount goal of reaching a decision which is in the best interest of the child. Craft v. Craft, 35,785 (La.App.2d Cir.1/23/02), 805 So.2d 1213.
When the trial court finds that a decree of joint custody is in the best interest of the child, it does not necessarily require an equal sharing of physical custody. Craft, supra; Woodell v. Woodell, 35,617 (La.App.2d Cir.12/7/01), 803 So.2d 378. Substantial time rather than strict equality of time is mandated by the legislative *1209 scheme providing for joint custody of children. Craft, supra; Woodell, supra.
The trial court is vested with broad discretion in deciding child custody cases. Because of the trial court's better opportunity to evaluate witnesses, and taking into account the proper allocation of trial and appellate functions, great deference is accorded to the decision of the court. McKinley, supra. A trial court's determination regarding child custody will not be disturbed absent a clear abuse of discretion. McKinley, supra; Craft, supra.

Discussion
Amber argues that the trial court was manifestly erroneous in designating Timothy as the domiciliary parent of their two children. She contends that the court erred in not believing her witnesses or resolving the weighing of the art. 134 factors in her favor.
In reaching its decision, the trial court made numerous factual findings and credibility determinations. The court stated that it believed portions of some witnesses' testimony but not others. Among the credibility calls by the court was its conclusion that, contrary to the assertions of Amber and several of her witnesses, Timothy was not abusive. The court also found that, again contrary to Amber's testimony, she had a significant computer addiction that caused her to use poor judgment and neglect her children.
As to the art. 134 factors, the court found that Timothy and Amber were equal in their love of the children and in their physical and mental health. As to moral fitness, both attended church regularly; however, the court found that Amber had a computer addiction and Timothy had a temper. The court ordered both parents to receive counseling for their respective problems, but specifically held that there was no credible evidence that Timothy was violent or abusive. Due to Skylar's immaturity, the court gave no weight to the child's preference.
On all other factors, the court found that Timothy prevailed heavily. Whereas Amber had what the court termed a "significant" problem caring for the children due to her computer addiction, Timothy gave unselfishly not only to his own children but also to the youth of his church. He also provided a stable home environment for the children while Amber indulged in her internet activities. Additionally, Timothy had a large immediate family located nearby that could assist with the children. As to school work, the court found, based upon its conversation with Skylar, that before the separation Timothy was the main parent to assist with homework, again due to Amber's computer addiction; since the separation, both parents helped him. The court further found in Timothy's favor as to the responsibility previously exercised over the children and the ability to facilitate communication.
Given the trial court's opportunity to observe the demeanor of the witnesses, it was in the best position to make determinations as to the credibility of witnesses. Our review on appeal reveals that the trial court carefully evaluated the testimony and made factual findings which are adequately supported by the record. In view of the trial court's well-articulated and extensive balancing of the art. 134 factors, in combination with the court's credibility calls, we cannot find that it abused its discretion or was manifestly erroneous in its decision to designate Timothy as the domiciliary parent. Furthermore, our review of the terms of the joint custody plan persuades us that it affords Amber substantial time and frequent contact with the children.

*1210 CHILD SUPPORT
Amber asserts that the trial court erred in not awarding her any child support.
In relevant part, La. R.S. 9:315.8 provides:
D. The party without legal custody or nondomiciliary party shall owe his or her total child support obligation as a money judgment of child support to the custodial or domiciliary party....
As the nondomiciliary parent under a joint custody plan, Amber is not entitled to an award of child support. The present case does not involve a "shared custody" situation whereby she would be entitled to child support under La. R.S. 9:315.9. Consequently, we find no manifest error in the trial court's denial of Amber's request for child support.

SPOUSAL SUPPORT
Amber also contends that the trial court erred in denying her request for interim periodic spousal support.
A spouse may be awarded an interim periodic allowance based on the needs of that spouse, the ability of the other spouse to pay and the standard of living of the spouses during the marriage. La. C.C. art. 113. The spouse seeking interim periodic spousal support bears the burden of proving his or her entitlement to such. Clark v. Clark, 34,314 (La.App.2d Cir.11/1/00), 779 So.2d 822, writ denied, XXXX-XXXX (La.1/12/01), 781 So.2d 563; Thomey v. Thomey, 33,000 (La.App.2d Cir.4/7/00), 756 So.2d 698.
The trial court is vested with much discretion in determining an award of interim spousal support. Such a determination will not be disturbed absent a clear abuse of discretion. Clark v. Clark, supra; Thomey v. Thomey, supra.
The trial court denied Amber's request for interim periodic spousal support because it held that she failed to carry her burden of proving her need; furthermore, the court found that Timothy lacked the ability to pay. Based upon our review of the record, we find no manifest error in the trial court's ruling.

COURT COSTS
Amber argues that the trial court erred in not assessing Timothy with one-half the court costs. Timothy contends that the trial court properly assessed all court costs against Amber.
The party cast in judgment is generally taxed with costs, but the court may assess costs of a suit in any equitable manner. La. C.C.P. art.1920. Upon review, a trial court's assessment of costs can be reversed only upon a showing of an abuse of discretion. Grocery Supply Company v. Winterton Food Stores, 31,114 (La.App.2d Cir.12/9/98), 722 So.2d 94; Rauch v. Rauch, 98-730 (La.App. 5th Cir.12/16/98), 725 So.2d 558; Mills v. Wilkerson, 34,694 (La.App.2d Cir.3/26/01), 785 So.2d 69. The prevailing party is not taxed with costs unless in some way he incurred additional costs pointlessly or engaged in other conduct which justified an assessment of costs against that litigant. Brown v. General Motors Corporation, 95-245 (La.App. 5th Cir.10/18/95), 662 So.2d 531, writ denied, 95-3034 (La.2/16/96), 667 So.2d 1055; Rauch v. Rauch, supra.
We discern no abuse of the trial court's discretion in assessing court costs against Amber.

CONCLUSION
The trial court judgment in favor of the appellee, Timothy Lane Hodnett, is affirmed. Costs of this appeal are assessed *1211 against the appellant, Amber Lynette Boykin Hodnett.
AFFIRMED.
NOTES
[1] Motions have been filed by both parents since the signing of the judgment. Timothy filed a motion for contempt and for child support in February 2002. Amber then filed a motion to modify custody in March 2002. Each alleged actions by the other which are detrimental to the children's well-being.