Judgment rendered November 18, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,651-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MARY BETH LAIRD, NEE                   Plaintiff-Appellant
WALLEY

versus

JOHN CARLTON LAIRD                     Defendant-Appellee

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 060738

Honorable Robert C. Johnson, Judge

* * * * *

ROUNTREE LAW OFFICES                   Counsel for Appellant
By: James A. Rountree

JOHN C. LAIRD, APLC                    Counsel for Appellee,
By: John C. Laird                      JTL Ventures, LLC

DONALD L. KNEIPP                       Counsel for Appellee,
                                       John Carlton Laird

* * * * *

Before PITMAN, STEPHENS, and THOMPSON, JJ.

**PITMAN, J**.

Appellant Mary Beth Laird appeals the district court's judgment in favor of Appellees John Carlton Laird and JTL Ventures, LLC. For the following reasons, we affirm.

## FACTS

This community property dispute was previously before this court in *Laird v. Laird*, 46,459 (La. App. 2 Cir. 6/22/11), 69 So. 3d 1173, and *Laird v. Laird*, 52,560 (La. App. 2 Cir. 4/10/19), 268 So. 3d 443, *writ denied*, 19-00715 (La. 9/6/19), 278 So. 3d 969 ("*Laird II*"). In *Laird II*, Mr. Laird appealed the district court's judgment in favor of Mrs. Laird for $56,039.06, with legal interest from the date of demand with all costs of the proceedings to be paid by Mr. Laird. On appeal, this court amended the district court's judgment to state that interest begins to run at the date of judgment and affirmed the casting of costs to Mr. Laird. This court stated that costs of appeal were to be split evenly between the parties.

On April 30, 2019, Appellees filed a motion to deposit money into the registry of the court in satisfaction of the judgment. They requested that the district court accept the deposited funds and render judgment acknowledging that all judgments rendered in the proceedings against Mr. Laird, as modified by the court of appeal, have been satisfied in full and ordering the cancellation of all judgments filed by Mrs. Laird. They stated that at the time of this filing, legal interest accrued in the amount of $3,147.40, for a total judgment in the amount of $59,186.46. They offered a calculation of costs and determined that Mrs. Laird owed them $2,359.41 in costs. They requested that Mrs. Laird show cause why the amount tendered should not be accepted as full satisfaction of all judgments and claims.

On August 13, 2019, Mrs. Laird filed an opposition and requested that the motion be denied at Appellees' cost. She emphasized that the district court ruled that Mr. Laird was to pay all costs of the proceedings. She calculated that Mr. Laird owed her $11,551.99 in costs, in addition to the $56,039.06 judgment plus legal interest.

On September 11, 2019, a hearing was held regarding the amount of interest and the amount of court costs, if any, owed by the parties to each other.[1]

On October 10, 2019, the district court filed a ruling. It determined that justice and equity dictate that each party should bear its own costs. It found that interest was due from the date of judgment until the date of tender on April 30, 2019. Accordingly, the district court determined that Appellees' tender of $59,186.46 was the total amount due to Mrs. Laird and ordered that this sum be deposited into the registry of the court and paid to Mrs. Laird in full satisfaction of all interest and costs.

On December 12, 2019, the district court signed a judgment decreeing Appellees' tender of $59,186.46 is the total amount due to Mrs. Laird. It ordered that any costs that may be due to Mrs. Laird are offset by the reimbursement of costs she owes to Mr. Laird for the split costs of appeal and the costs she was previously ordered to pay.

On December 20, 2019, Mrs. Laird filed a motion to appeal the December 12, 2019 judgment that required her to pay half of the costs.

---

[1] The district judge who rendered the judgment appealed in *Laird II* retired. A different district judge presided over this hearing and rendered the ruling and judgment at issue in the appeal now before this court.

2

On January 15, 2020, Mrs. Laird filed a motion to withdraw the $59,186.46 from the registry of the court. The district court ordered that the Clerk of Court issue a check payable to Mrs. Laird in that amount.

## DISCUSSION

### *Costs*

In her first assignment of error, Mrs. Laird argues that the district court erred on remand when it disregarded the appellate court's determination that Mr. Laird pay all costs. She contends that a district court is not entitled to ignore the ruling of the appellate court. She states that because the appellate court ordered that appellate costs be split evenly between the parties, Mr. Laird owes money to her in unpaid costs.

Appellees argue that the district court's allocation of costs was correct and in accordance with all judgments rendered in this case. They state that the district court did not change any cost allocations and, instead, allocated the costs according to previous district court rulings. They contend that the district court's calculations would have resulted in Mrs. Laird paying over $2,300 in costs, but it ruled that no party owed the other any further costs. They state that the district court acted within its discretion to allocate costs in a proper and equitable manner.

La. C.C.P. art. 1920 states, in part, that "the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." On review, a trial court's assessment of costs can be reversed only upon a showing of an abuse of discretion. *Hodnett v. Hodnett*, 36,532 (La. App. 2 Cir. 9/18/02), 827 So. 2d 1205.

We note that the district court did not alter the assessment of appellate costs by this court in *Laird II*. Instead, it only addressed costs from the

3

district court proceedings. After hearing arguments from the parties and reviewing the record of the proceedings, the district court determined that justice and equity dictated that each party should bear its own costs. The district court is uniquely capable of assessing its costs and clarifying its orders, and the district court's determination of costs in this case does not contradict any orders of this court. Nothing in the record before this court suggests that the district court abused its discretion in the assessment of costs in this matter.

Accordingly, this assignment of error lacks merit.

*Accrual of Legal Interest*

In her second assignment of error, Mrs. Laird argues that the district court erroneously stopped the accrual of legal interest on April 30, 2019, i.e., the date Mr. Laird filed his motion to deposit. Citing *Sims v. Hays*, 521 So. 2d 730 (La. App. 2 Cir. 1988), she contends that a tender that stops the accrual of interest must be in the correct amount and unconditional. She states that Mr. Laird did not deposit the funds into the registry of the court until August 5, 2019. She argues that the tender was not unconditional because Mr. Laird requested that a rule to show cause be issued. She contends that interest continues to accrue.

Appellees argue that their deposit was valid, unconditional and made in accordance with the law applicable to deposits. They contend that the amount was sufficient to pay Mrs. Laird in full all sums due her under the judgment and that her withdrawal of the deposit in January 2020 was in satisfaction of all sums due to her in this matter.

When the object of the performance is the delivery of a thing or a sum of money and the obligee, without justification, fails to accept the

4

performance tendered by the obligor, the tender, followed by deposit to the order of the court, produces all the effects of a performance from the time the tender was made if declared valid by the court. La. C.C. art. 1869. The effect of a valid tender and deposit is to end the accrual of interest and costs. *Canada v. Myers*, 511 So. 2d 1223 (La. App. 2 Cir. 1987), *writ denied*, 514 So. 2d 1181 (La. 1987).

As we stated in *Laird II*, interest began to run on the date of judgment. *See also Reinhardt v. Reinhardt*, 99-0723 (La. 10/19/99), 748 So. 2d 423. Appellees deposited sufficient funds into the registry of the court to satisfy the entirety of the obligation plus the accrued interest to the date of deposit. Although the motion to deposit also requested a rule to show cause, nothing prevented Mrs. Laird from seeking an order to receive the amount awarded plus accrued interest when it was deposited. The issue of court costs could have been bifurcated and addressed separately. The trial court did not err when it declined to accrue additional interest after the date the funds were deposited in the registry of the court.

Accordingly, this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court in favor of Appellees John Carlton Laird and JTL Ventures, LLC. Costs of this appeal are assessed to Appellant Mary Beth Laird.

**AFFIRMED.**

5